# Webb v. The State.

## Indictment for Murder.

1. *Juror, discharged on account of sickness.*—Where, under an indictment for murder, after the jury had been selected and sworn, but before the trial was entered upon, it was shown to the court that one of the jurors was too ill to sit as a juror, whereupon he was for that cause excused and discharged by the court; such discharge was not error.

2. *Venire; motion to quash.*—A motion to quash the venire on the ground that two of the persons drawn to serve as special jurors were not summoned, cannot prevail where it is made to appear that one of the persons, so drawn, had left the country, that the sheriff made diligent search for both of them, and that neither could be found in the county.

3. *Evidence; confession.*—The State on introducing in evidence a confession by the defendant is not required, in the first instance, to bring out the entire confession or conversation, bu if any part is introduced by the State, the defendant is entitled, on cross-examination, to bring out all that was said at the time, which explained, qualified, or threw any light upon, the part introduced by the State.

| 100 | 47 |
| 100 | 84 |
| 102 | 99 |
| 102 | 143 |
| 100 | 47 |
| 105 | 13 |
| 105 | 30 |
| 100 | 47 |
| 126 | 49 |
| 100 | 47 |
| 129 | 63 |
| 100 | 47 |
| 134 | 41 |
| 100 | 47 |
| 140 | 56 |
| 100 | 47 |
| 141 | 18 |

[Webb v. The State.]

4. *Witnesses; enforcement of the rule.*—Where upon the demand of the parties, or of a party, the witnesses are put under the rule, the examination of the sheriff, when he was not put under the rule, is within the discretion of the court, and, if objected to. the objection will not avail anything on appeal unless it is made to appear that the discretion was abused.

5. *Self-defense; ignoring duty of retreat.*—On a trial under an indictment for murder a charge requested by the defendant, that "It is not necessary there should be actual danger of death or great bodily harm in order to justify the taking of human life. but, if the jury are satisfied from all the evidence in the case that the circumstances attending the striking the fatal blow were such as to impress the defendant with a reasonable belief that at the time of striking the blow it was necessary in order to prevent death or great bodily harm to his person, then they must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty" is properly refused, inasmuch as it ignores altogether the duty of retreat.

6. *Deadly weapon; pocket knife*—A pocket knife may or may not be a deadly weapon, but a knife capable of making a wound 2¼ inches deep must be classed as a deadly weapon.

7. *Same; inference of malice from use of.*—Malice is inferred from the use of a deadly weapon and the weapon need not be an unlawful one.

8. *Charge ignoring fault in provoking difficulty.*—A charge requested by the defendant, on a trial under an indictment for murder, which requires the acquital of the defendant on the facts predicated in the charge, although he may have been at fault in bringing on or provoking the difficulty which resulted in the death of the deceased, is properly refused.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

The defendant was indicted for murder and on being arraigned pleaded not guilty.

The court thereupon set the cause for trial on the 22d day of February, 1893, and ordered that 30 persons be drawn and summoned for the trial in addition to the regular panel. On the day set for the trial it appeared during the organization of the jury that only 28 of the 30 special jurors had been summoned, 2 of said jurors not having been found by the sheriff; that one of said jurors had left the county, and that diligent, but ineffectual, search had been made by the sheriff's deputy for both of said jurors. The defendant moved to quash the venire because said two jurors had not been summoned. The court overruled the motion, and the defendant duly excepted. The jury having been organized, the court adjourned until the next day at 9 o'clock a. m., and when it convened on that day one of the jurors announced that he was sick, and, "it being shown to the satisfaction of the court that said juror was unable to proceed with the trial of said cause, and incapacitated, it was ordered that

said juror be discharged." To this action of the court the defendant objected, and, his objection being overruled by the court, he duly excepted.

The State examined as a witness the justice of the peace before whom the defendant testified on his preliminary examination, and identified by the witness a written statement of the defendant's testimony, sworn to and subscribed before him after voluntarily going on the stand in his own behalf. Upon the statement being offered in evidence by the State, the defendant objected to its introduction in evidence on various grounds, and, among others, the following: "The part offered has relation to parts not offered." The court overruled the objection, and admitted the statement in evidence. To this ruling of the court the defendant duly excepted. The statement as offered and admitted is as follows: "That is the knife with which I was cutting. Was cutting with the big blade. That is the knife with which I cut Harrison. With the big blade. I am right-handed." The knife referred to was exhibited to the jury, and the physician who was called to see deceased after the cutting, and after his death, testified that death resulted from a wound in the neck, made with a sharp instrument, which severed the jugular vein. The State introduced the sheriff as a witness, and the defendant objected to his testifying in the cause, "because all the witnesses had been put under the rule, lists had been exchanged, and the name of said De Shields [the sheriff] was not upon the list furnished the defendant by the State." The objection was overruled, and the said De Shields was put upon the stand, and testified to the defendant's having escaped from the jail while in confinement under the charge of the indictment; and defendant duly excepted. It was shown by the evidence that the killing was caused by the deceased's throat being cut with a pocket-knife. The defendant, testifying in his own behalf, stated, among other things, that the deceased and one Kelly came to the house where defendant was boarding some time in the night, and, being refused lodging, became boisterous and troublesome. That on inquiring and learning that Kelly was one of the parties he told the landlady Kelly was a friend, and he would try to get him to go away. That he went out, and engaged Kelly in friendly conversation, and, while talking with Kelly, took out his knife and some tobacco, intending to cut the tobacco for his pipe. That deceased came towards him with a stick, and struck him several blows; and that when he attempted to ward off the blows he finally

4

[Webb v. The State.]

struck at the deceased with the knife. The latter threw up his hand, and knocked the knife so that it struck his neck.

The defendant requested the court, in writing, to give the following charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "It is not necessary there should be actual danger of death or great bodily harm in order to justify the taking of human life; but if the jury are satisfied from all the evidence in the case that the circumstances attending the striking the fatal blow were such as to impress the defendant with a reasonable belief that at the time of striking the blow it was necessary in order to prevent death or great bodily harm to his person, then they must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty." (2.) "The court charges the jury that, while the law requires that Bob Webb should be in a situation of either real or apparent danger to life or of receiving grievous bodily harm, that that danger was imminent, and that he should be reasonably justified in striking, yet the law only requires that he should exercise his reason,—should act as a reasonable man would have acted under all the circumstances ; and if, under those circumstances, a reasonable man would have believed that he was in danger of losing his life or of receiving great bodily harm, and that such danger was then impending, and said Webb did so believe, and was not the aggressor in the difficulty, and was free from fault, then he had a right to defend himself, even to the taking of the life of Jim Harrison." (3.) "The court charges the jury that every man has a legal right to carry a pocket knife, and that the same is not, in contemplation of law, a deadly weapon, and that malice cannot be inferred from the use of such weapon in a sudden rencounter, not brought on by the defendant." (4.) "The court charges the jury that a pocketknife is not an unlawful weapon, and that no malice can be inferred from the fact that defendant had such a weapon in his possession." (5.) "If the jury believe from the evidence that defendant was at his place of abode ; that he went down stairs to induce his friend, Kelly, to go away ; that he entered into a friendly conversation with said Kelly ; that during that conversation he was attacked by Harrison ; that he had good reason to believe that he was in danger of losing his life or suffering great bodily harm ; that he could not retreat without increasing his danger ; and that the fatal blow was struck under these circumstances,—then they must find the defendant not guilty."

GEORGE D. PARKS and D. L. CUNNINGHAM, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.—The juror Croft being "so sick as to incapacitate him for the performance of his duty," was properly discharged.— *Hawes v. State*, 88 Ala. 37, and cases cited. And the vacancy was properly filled.—Section 10, jury law.

There is nothing in the other exceptions relating to the jury.—*Gibson v. State*, 89 Ala. 121.

While it is true that confessions must be taken as a whole and considered together, it does not follow that the State must introduce *all* of the confession ; the rule goes no farther than this : When part of a confession or statement has been introduced by the State, *the defendant is entitled, on cross-examination, to bring out all that was said at the same time, on the same subject.*—*Parke v. State*, 48 Ala. 266 ; *Burns v. State*, 49 Ala. 370 ; 1 Greenl. Ev. S. 218.

Here the defendant made no effort to draw out the rest of the confession, if indeed there was any thing more to be drawn out, which is not shown.—See *Burns v. State, supra.*

Permitting the witness De Shields to be examined was a matter resting entirely in the discretion of the court. The witness was the sheriff of the county and his presence no doubt required by the court.

The several charges requested by the defendant, intending to touch upon the law of self-defense, are faulty in that they ignore all inquiry into the question of freedom from fault, or the duty of retreat.—*Cribbs v. State*, 86 Ala. 613 ; *Gibson v. State*, 89 Ala. 121 ; *Rutledge v. State*, 88 Ala. 85 ; *Davis v. State*, 92 Ala. 20 ; *Perry v. State*, 94 Ala. 25 ; *Wilkins v. State*, 13 So. Rep. 312.

The third charge mistakes the law in asserting that a pocket-knife is not in contemplation of law a deadly weapon, and that malice cannot be inferred from its use, besides assuming that the difficulty was not brought on by the defendant. A knife capable of making a wound two and one-half inches deep "is a deadly instrument."—*Ex parte Nettles*, 58 Ala. 268, 276 ; and malice is presumed from the use of a deadly weapon, unless the evidence which proves the killing shows also that it was without malice.—3 Brick. Dig., pp. 216-17 ; *Roberts v. State*, 68 Ala. 156.

Charge No. 4, if true as an abstract proposition of law, was properly refused because under the evidence in the case it was calculated to mislead the jury.

[Webb v. The State.]

COLEMAN, J.—The defendant was convicted of murder in the second degree. After the jury had been selected and sworn, but before the trial was put before them, one of the jurors was excused and discharged on account of sickness, it being shown that he was too ill to sit as a juror. There was no error in this action of the court. The precise question arose in the case of *Hawes v. State*, 88 Ala. 37. See authorities cited. The defendant moved to quash the venire on the ground that two of the persons drawn to serve as special jurors were not summoned. The evidence showed that one of the persons had left the county, that the sheriff made "diligent search" for both of them, and neither could be found in the county. There is no merit in the motion. *Gibson v. State*, 89 Ala. 121; *Arp's* case 97 Ala. 5. The State offered in evidence a written statement voluntarily made by the defendant on his preliminary trial and which at the time was signed by him. The ground of objection is, "because a part of Webb's testimony is offered, and not all." It does not appear from the record, that the part omitted, if any was omitted, related in any manner to the homicide; and in the next place there is no evidence to show that the entire statement was not offered in evidence. The statement is set out in the transcript and seems to be complete in itself. If any part was omitted, there should be some evidence of the omission. The objection itself does not furnish the evidence to sustain it. The State is not required in the first instance to bring out an entire confession or conversation, but if any part is introduced by the State, the defendant is entitled on cross-examination to bring out all that was said at the time, which explained, qualified, or threw any light upon the part introduced by the State. *Burns v. State*, 49 Ala. 370.

The examination of the sheriff as a witness, although not put under the rule with the other witnesses, was within the discretion of the court. We do not see that this discretion was abused in this instance. Charge No. 1, requested by the defendant and refused by the court, was faulty in that it ignored altogether the duty of retreat.—*Keith v. State*, 97 Ala. 32; *Gibson's* case 89 Ala. 121; *Holmes'* case (in this volume).

Charge No. 2 is subject to the same objection. Charges 3 and 4 assert incorrect propositions of law and were misleading. A pocket knife may or may not be a deadly weapon. The knife used was introduced in evidence. It is nowhere described. In *Nettle's* case, 58 Ala. 268-276, it is said: "We think a knife capable of making a wound two and one-fourth inches deep must be classed as a deadly weapon." That

vol. c.

the knife in the case at bar was sufficient in the hands of the defendant to produce almost immediate death is clearly proved. Malice is inferred from the use of a deadly weapon. The weapon need not be an unlawful one.

The 5th charge refused was faulty in this, that upon the facts predicated it demanded an acquittal of the defendant, although he may have been at fault in bringing on or provoking the difficulty which resulted in the death of deceased. No person can bring about a necessity to kill another even to save his own life, and then plead the "necessity," in justification of the homicide. There was evidence tending to show he was not free from fault. *Holmes'* case, (in this volume).

There is no error in the record.

Affirmed.