# Plant *v.* The State.

*Indictment for Murder.*

1. *Organization of jury in capital case; names of special jurors properly placed on list served on defendant, though not summoned.*—After the names of special jurors are drawn to constitute a special venire for the trial of a defendant in a capital case, the names of all the jurors so drawn are properly placed upon the list of the special venire served upon the defendant; and the fact that some of the persons so drawn as jurors are not summoned, constitutes no ground for quashing the venire.

2. *Same; excusing person drawn as regular juror for the week no ground for quashing venire.*—Where a person has been drawn and summoned as a regular juror for the week during which a capital case is to be tried, but he does not attend court and is excused by the court for the week, such facts constitute no grounds for quashing the venire drawn for the trial of a capital case during said week.

3. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that on the day before the homicide, there was a difficulty between the defendant and the

[Plant v. The State.]

deceased, it is not error for the court to permit the solicitor to ask the witness if he knew anything about the difficulty between the defendant and the deceased, on the day prior to the killing.

4. *Evidence; voluntary confession.*—Where a witness testifies that he made no threats or promises tó the defendant and offered no inducements to him to make a statement, but that while he was carrying the defendant, who was a convict, to his cell, in order to lock him up after the killing, the defendant made a statement in which he confessed to killing the deceased, such statement is shown to have been voluntary, and is admissible.

5. *Same; res gestae.*—A witness who was present at the killing is competent to testify to what happened immediately after the deceased was killed, and his testimony that the defendant stated that he would kill another person, using a very opprobrious epithet,. is admissible as part of the *res gestae* of the killing.

6. *Homicide; charge as to self-defense.*—Charges as to self-defense, which fail to hypothesize one or more of the elements of self-defense, or which refer the question of self-defense to the jury without setting out its elements, are erroneous and properly refused.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant in this case, Tom Plant, was indicted and tried for the murder of Will Thomas, was convicted of murder in the first degree and sentenced to be hanged.

Before entering upon the trial, the defendant moved the court to quash the venire. The grounds of this motion are sufficiently shown in the opinion. The court overruled the motion, and the defendant duly excepted.

The evidence showed that the defendant and the deceased, Will Thomas, were convicts and were worked by the Hand Lumber Company at Dolive; that at the time of the killing, they were both confined in the stockade of the said Lumber Company at Dolive, in Baldwin county; that the defendant walked to the place in the mill where deceased was at work and they got into a scuffle, and the defendant stabbed the deceased twice in the back of the neck, and that after the deceased fell on his stomach, the defendant stabbed him in the back, the last stab being the fatal blow.

There was evidence on the part of the State tending to show that on the night before the killing, the defendant and deceased had a dispute about a merchandise check, and the defendant stated in the presence of several witnesses that if the deceased did not give up the merchandise check the next day, he, the defendant, would kill him.

There was evidence introduced for the defendant tending to show that he struck the deceased in self-defense.

During the examination of one J. A. Dudley as a witness for the State, he testified that after the defendant had stabbed the deceased, he took the defendant to his cell and locked him up. The solicitor then asked the witness the following question: "Did the defendant have anything to say on the way to the cell?" The defendant objected to the question, the court sustained the objection. Thereupon, in answer to several questions by the solicitor for the State, the witness Dudley testified that he did not make any threats against the defendant, nor did he make him any promises, nor did he hold out any inducements to get him to make a statement. Upon this witness further answering that the defendant made a statement to him, he was then asked what he stated, and the defendant objected to this question, the objection was overruled, and the defendant duly excepted. The witness answered: "I told him that he had killed Will Thomas, and the defendant stated: 'I want to kill another son of a bitch, and then they can hang me.'"

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that the defendant was justified in taking the life of the deceased if the deceased was coming on him with a deadly or dangerous weapon in such a manner as to produce in the mind of a reasonable man a sense of danger to life or limb, and the defendant had no means of retreating without exposing the defendant to greater peril, and this danger may not be real; it is sufficient if it so appears to a reasonable mind." (2.) "If you have a reasonable doubt, gentlemen of the jury, as to whether the defend-

[Plant v. The State.]

ant acted in self-defense, he is entitled to the benefit of the doubt and to an acquittal." (3.) "The court charges the jury that to establish the plea of self-defense, he is only required to show that at the time he was either or to ordinary appearances in imminent peril of life or limb, or great bodily danger." (4.) "I charge you, gentlemen of the jury, that one is justified in taking the life of another, if at the time there reasonably appeared to be a present, impending, imperious necessity to do so." (5.) "I charge you, gentlemen of the jury, that a man is not required by the law to retreat from his house before he takes the life of his assailant, and the law regards his place of business as his castle, and he is no more under the necessity of retreating from there than he would be from his house, when he is feloniously assailed."

B. F. McMILLAN, for appellant.—Tht court should have sustained the defendant's motion to quash the venire. *Smith v. State*, 136 Ala. 1; *Brown v. State*, 128 Ala. 12; *Floyd v. State*, 55 Ala. 61; *Jackson v. State*, 77 Ala. 18.

The charges requested by the defendant assert a correct proposition of law and should have been given. *Keith v. State*, 97 Ala. 32; *Muller v. State*, 107 Ala. 40; *Stoball v. State*, 116 Ala. 454; *Jones v. State*, 76 Ala. 8; *Cary v. State*, 76 Ala. 78.

MASSEY WILSON, Attorney-General, for the State. The motion to quash the venire was properly overruled. *Caddell v. State*, 129 Ala. 56; *Webb v. State*, 100 Ala. 47; *Thomas v. State*, 124 Ala. 48; Code, §§ 5005, 5020.

The confession of the defendant as testified to by the witness Dudley, was shown to have been voluntarily made and was properly admitted.—*Matthews v. State*, 136 Ala. 47.

The testimony of the witness Harris as to what the defendant stated immediately after the killing, was admissible as a part of the *res gestae.*—*Seams v. State*, 84 Ala. 410; *Stitt v. State*, 91 Ala. 10; *Bush v. State*, 136 Ala. 85.

The charges requested by the defendant were erroneous and properly refused.—*Matthews v. State*, 136 Ala. 50; *Mann v. State*, 134 Ala. 1; *Jones v. State*, 96 Ala.

102; *Horn v. State,* 98 Ala. 24; *Alston v. State,* 109 Ala. 51; *Wesson v. State,* 109 Ala. 61; *Smith v. State,* 130 Ala. 95; *Williams v. State,* 130 Ala. 107.

HARALSON, J.—Before entering on the trial, defendant moved to quash the venire on the ground that the names of three of the special jurors drawn for the trial appeared on the list served on the defendant, when in fact these persons had not been summoned as jurors; and on the further ground, that one Bryant had been excused by the court, from the trial of said cause without the knowledge of defendant.

There was no merit in the first ground of the motion. These three men were special jurors, and though not summoned, their names were properly placed on the list served on the defendant.—Code, § 5005; *Caddell v. State,* 129 Ala. 57; *Webb v. State,* 100 Ala. 47.

Nor was there merit in the second ground of the motion, as to the juror, Bryant This person was of the regular panel drawn and summoned for the second week of the term. He did not attend court, and sent an excuse for his absence, which the court held sufficient, and excused him for the week. The excuse offered by him is not shown, but it is stated, that it was held good by the court. We must presume it was for a "reasonable or proper cause," in which case the court had the authority to excuse him.—Code, § 5020; *Thomas v. State,* 124 Ala. 48; *Webb v. State,* 100 Ala. 47.

The solicitor asked one of the witnesses for the State: "Did you know anything of a difficulty between the defendant and the deceased on the day prior to the killing?" The objection of the defendant on the ground of irrelevancy and immateriality, was overruled. In this there was no error. The question did not call for the particulars of any difficulty, but simply inquired if he knew anything of a difficulty. It was not objectionable on its face, and, moreover, it was in no sense injurious as it was not shown to have been answered.

We have been unable to see that the confession of defendant, testified to by witness Dudley, was improperly admitted. It was shown that it was freely and volun-

tarily made, before the court would allow its introduction.—*Matthews v. State,* 136 Ala. 47.

The witness Harris, for the State, who witnessed the homicide, was asked by the solicitor, "What happened immediately after Thomas was killed?" An objection by defendant was overruled. The witness answered, that the defendant stated, that he would kill that other "son of a bitch." This evidence was clearly of the *res gestae* of the killing.—*Seams v. State,* 84 Ala. 410; *Stitt v. State,* 91 Ala. 10. What the defendant said was voluntary, and was an implied confession that he had killed the deceased, and tended to show his animus in so doing. *Bush v. State,* 136 Ala. 85.

Refused charges from one to four, inclusive, were each properly refused. They fail to hypothesize one or more of the elements of self-defense, or refer the question of self-defense to the jury without setting out its elements.

The 5th charge was abstract. There was no evidence to show that deceased was killed in the house of defendant.

Affirmed.