# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1905-6.

## Barden *et al* v. The State.

### *Murder.*

[DECIDED APRIL 17, 1906, 40 So. REP. 948.]

1. *Criminal Law; Appeal; Discharge of Juror; Discretion of Court.* The regular and special venire becoming exhausted, the court ordered the sheriff to summons a sufficient number of persons to complete the panel, among them one H., who qualified by properly answering all the preliminary questions, whereupon the court, *ex mero motu*, asked the juror where he resided, and on being informed that he lived in R. F. beat, the court excused him without putting him upon the state or the defendant, stating that, from information in possession of the court, obtained from outside sources, and not from witnesses sworn and examined, the ends of justice would be best subserved by doing so: *Held*, to be within the sound discretion of the trial court, not reviewable on appeal.

2. *Homicide; Evidence; Admissibility.*—It being material as to whether or not decedent and a third person were drunk at the time of the killing, the court erred in excluding the evidence of a witness that such decedent and the third person were drunk at that time, upon the ground of want of identification by witness of decedent and companion, where witness had testified that he knew both parties; that on the night of the homicide he saw two men going towards the saloon where the killing occurred; that one of the men was about the height and build of decedent, and the other of the third person, and that both were drunk.

3. *Witnesses; Examination of Accused; Cross.*—It was proper to permit the state to ask the defendant, upon cross examination, if he and his confederate did not go behind the counter of the saloon while the deceased was lying upon the floor,

[Barden, *et al.* v. The State.]

and before he was dead; also to permit the state to ask the defendant whether he offered in evidence, on the preliminary hearing, the clothes now offered as the clothes you had on at the time of the shooting; the first question being part of the *res gestae,* and both being within the latitude allowed upon cross examination.

4. *Criminal Law; Instructions; Reasonable Doubt.*—An instruction requiring an acquittal if there is a reasonable possibility of innocence, is properly refused; as is one requiring an acquittal if the jury have a reasonable doubt whether the testimony of a named witness is true.

5. *Same; Argumentative Instructions.*—A charge asserting that the failure of defendant to testify or offer in evidence his clothing on the preliminary trial could not be weighed as a circumstance against defendant, is properly refused as being argumentative.

6. *Same; Undue Prominence to Particular Witness.*—A charge requiring an acquittal if the jury believed that two named witnesses testified falsely, is properly refused as giving undue prominence to certain testimony, if for no other reason.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

The defendants, Rufus and Letch Barden, were indicted and tried for the murder of one Wyrosdick by shooting him with a pistol. The evidence of the witness John Stuart was that he and Wyrosdick same to River Falls from Red Level on a certain train, went from depot towards store of the Horseshoe Lumber Company, and turned and went to De Vane's bar, where the killing occurred. He further stated that neither he nor Wyrosdick was drunk. The defendant introduced one Henry Stanley, who testified as follows: "I know the defendant. Knew of Wyrosdick in his lifetime. I know John Stuart when I see him. On the night of the killing I was at my sister's in the town of River Falls. Was there when the train came in that night. This was about one-half mile from the depot and about a quarter of mile from De Vane's saloon. Shortly after the train came in I was going home, and I saw two men going from depot towards the mill yards of the Horseshoe Lumber Company. One of the men was somewhat taller than the other, being about 6 feet in height, and the other was about 5 feet 8

[Barden, *et al.* v. The State.]

inches in height. The taller man was about the height and build of Wyrosdick, and the shorter about the height and build of Stuart, and he carried a lighted lantern in his hand. I was not close enough to see their faces. They were going in the direction of the Horseshoe Lumber Company's store, and then turned and went in the direction of De Vane's bar, which was not far distant. This was somewhere between 8 and 9 o'clock at night. They seemed to be drunk. Were staggering, and their conversation was loud and boisterous, and I kept out of the way." The solicitor moved to exclude this testimony on the grounds that the witness did not identify the two men as Wyrosdick and Stuart. The court granted the motion and excluded the testimony. The evidence for the state tended to show that the killing was deliberately done and that it was accompanied by robbery. The evidence for the defendant tended to show that the deceased was attacking the defendants with a knife and had cut them when he was killed.

The defendant requested the court in writing to give the following charges: Charge 8: "I charge you, gentlemen of the jury, that if, from the evidence, there is a reasonable possibility of the innocence of the defendant, you should not convict him." Charge 22: "If you have reasonable doubt as to whether the testimony of John Stuart and Frank Whitlock is true, you should acquit the defendant." Charge 26: "If the guilt of the defendant depends upon the testimony of the witnesses John Stuart and Frank Whitlock, and the jury believe from the evidence that said witnesses John Stuart and Frank Whitlock were willfully and maliciously false as to any material part of their testimony, then the jury may disregard all of the testimony of said witnesses Stuart and Whitlock, and find the defendants not guilty." Charge 27: "If the guilt of the defendant depends upon the evidence of the witness Frank Whitlock, and the jury believes from the evidence that said witness Frank Whitlock was willfully and maliciously false as to any material part of his said testimony, then the jury may disregard all of the testimony of the said witness, Whitlock, and find the defendant not guilty." Charge 28: "If the guilt of

the defendants depends upon the testimony of the witness, John Stuart, and the jury believe from the evidence that said witness Stuart was willfully and maliciously. false in any material part of his testimony, then the jury may disregard all of the testimony of said witness, Stuart, and finds the defendants not guilty." Charge 29: "The court charges the jury that the failure of the defendants to testify or offer in evidence the shirt and coat of Rufus Barden on the preliminary examination and in the habeas corpus proceedings cannot be weighed as a circumstance against them on this trial." The defendants were convicted of murder in the second degree, and sentenced to 30 and 10 years, respectively, in the penitentiary.

POWELL, ALBRITTON & ALBRITTON and HENRY OPP, for Appellants.—The court erred in its action in excusing peremptorily the juror Hartzog. He had answered all the questions required to be propounded by the statute, and qualified as a juror. That he lived in River Falls Beat was no reason for his exclusion by the court. This case is sharply differentiated from the cases of *Mosely v. State,* 107 Ala. 74; *Fariss' case,* 85 Ala. 1; *Maxwell's case,* 80 Ala. 150, and other authorities supposed to have been made under the influence of § 5020, Code 1896.

His rejection by the trial court was improper.—*Sullivan v. State,* 102 Ala. 135; *Simon v. State,* 108 Ala. 27; *Phillips v. State,* 68 Ala. 469.

Charges 26, 27 and 28, refused to defendant should have been given. The witnesses for the state not only contradicted themselves, but were seriously contradicted by the physical facts and the testimony of other credible witnesses. Such instructions have been held good by this court.—*Jackson v. State,* 136 Ala. 22; *Burton v. State,* 115 Ala. 1; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45; *Churchwell v. State,* 117 Ala. 124.

The evidence offered by the defendant, proof to be made by witness Stanley was competent and relevant to a material issue in the case, and should have been admitted.—*Thornton v. State,* 113 Ala. 44; *Mitchell v.*

*State,* 94 Ala. 68; *Turner v. McFee,* 61 Ala. 468; *Walker v. State,* 58 Ala. 393; 1 Green. on Evidence.

"The weight and sufficiency of the evidence is never a question of law, but it is only where there is no evidence, and when no inference can be drawn, that the court can as a matter of law say there is no evidence."—*Holmes v. Birmingham S. Ry. Co.,* 140 Ala. 208; *Mouton v. L. & N. R. R. Co.,* 128 Ala. 539.

Pertinent evidence is admissible, however weak it may be, its sufficiency is a question for the jury.—*Alsabrook v. State,* 52 Ala. 24.

A witness is not required to be an expert to tell if a person is drunk.—*Dozier v. State,* 138 Ala. 58.

MASSEY WILSON, Attorney-General and C. E. REID, for State.—In order to be a competent juror for the trial of cases within this state, a person must not only possess the qualifications prescribed by the statutes of Alabama, but he must be also a man of honesty, impartiality and intelligence, and free from bias, passion, prejudice, or interest in the issues involved.

In the opinion written by Mr. Justice CLOPTON, in the case of *Jackson v. The State,* 77 Ala. 18, the following language is used:

"Indispensable to the qualification of a juror is freedom from prejudice, passion, or interest. A just and proper administration of law, having a due regard for public safety and interests, as well as to individual rights, cannot be obtained other than by jurors competent to discharge the duties with honesty, impartiality and intelligence.—*Thomas v. State,* 133 Ala. 139; *Brazelton v. State,* 66 Ala. 96; *Jackson v. State,* 77 Ala. 23.

It is contended, however, that the court's information from outside sources could not rightly be used, but there is no reason in such distinction. It must be held to have afforded reasonable or proper cause for the court's action.

Again, "It is a duty of the trial court so far as it can be done consistently, to see that fair and impartial trials are had, and may to that end, of its own motion, reject a juror summoned *if it appears under the circumstances he is an unsuitable person to serve.* A duty thus exer-

cised not arbitrarily but apparently for good purposes in the interest of justice, will not be reviewed."—*Williamson v. Mayer*, 117 Ala. 258.

And in *Schieffelin v. Schieffelin*, 127 Ala. 14, 32, Judge HARALSON referring to the action of the court in excusing a juror said: "It was entirely within the discretion of the court,—exercised not arbitrarily, but for good purpose in the interest of justice—to do so."

In *James v. State*, 53 Ala. 380, Judge BRICKELL said: "The reasoning above shows that, in our opinion, there was no error which this court can notice, in the omission to ask the jurors other questions than the eight contained in the record, or making other inquiries in respect to their qualifications. *Besides that, the judge may have personally known the jurors and so have ascertained their fitness,* or may have ascertained it to his satisfaction by means of their answers to his questions, and their known reputation for integrity and intelligence, his judgment in respect to such qualifications could not be reviewed in this court."

In *Scott v. State*, 133 Ala. 112, 115, Judge HARALSON said: "It is well settled that the enumerated causes for the challenge in the Code, are not exclusive of all others, and of the discretionary power of the court *to set aside any one summoned as a juror, who, for any cause, appears to* be unfit to serve as such."

And in *Thomas v. State*, 133 Ala. 139, Judge DOWDELL said: "It was never contemplated by the law-makers, that the enumeration of causes for challenge should operate to deny to either the State or the defendant the very purpose of the statute to secure—a fair trial by an honest, impartial and intelligent jury." See also, 12 Ency. Pleading & Practice, 382.

On the whole it would seem to be well settled that the court's action in the respect complained of was discretionary. Or, if this court is inclined to review that action a like conclusion should be reached.

The witness McCrary did not identify the party who made the statement, "I am a great mind to cut that horse," and such testimony was, therefore, inadmissible unless the deceased was connected with the same. Nor,

"if what was proposed to be shown by this evidence could be classed as a threat it was objectionable as being general and not being directed to any particular individual." —*Pitts v. State,* 140 Ala. 70, 83.

The testimony of the witness Stanly, which was ruled cut on the motion of the state, was subject to the objections made above to the testimony of McCrary, (R. p. p. 27-8.)

The question to the witness Campbell, whether he knew "the general reputation and character of said Andy Gomillion in Andalusia," was patently bad. Gomillion had testified as a witness for the state. It did not appear that Gomillion resided in Andalusia, and a witness can only testify to the general character or reputation of the person inquired about in the community or neighborhood in which he lives. The question being limited to Andalusia rendered it bad.—*Davis v. State,* 22 Ala. 23, 37; *Cauley v. State,* 92 Ala. 71.

The failure of the defendant to introduce on the preliminary examination and habeas corpus trial the clothes worn by him was a circumstance to be considered by the jury.—*Brown v. State,* 79 Ala. 61.

The question asked the defendant by the Solicitor whether, "After the difficulty, while the dead man was lying on the floor alive, did you and Letch go behind the counter," and the answer thereto was not subject to the objection made thereto by the defendant's counsel, nor for that matter, any other objection. It was part of the transaction as much so as any other incident thereof.

When the defendant objected to the argument and illustration of the defendant the court ruled that the argument was improper, and the Solicitor removed the shirt from the juror and desisted from his action. It seems that the defendant excepted to the action of the court in so ruling, (R. p. 38). There is no merit in the exception.

DOWDELL, J.—The appellants having been acquitted on a former trial of murder in the first degree, of which acquittal they availed themselves by plea, were in the present instance put on trial for murder in the second degree, of which charge they were convicted. In selecting

the jury for the trial, and before the same was completed, the jurors on the regular panels were exhausted by reason of challenges by the state and defendant. Thereupon the court ordered the sheriff to summon from the qualified citizens of the county a sufficient number to complete the jury as required by law. Among those so summoned was one D. M. Hardzog, who, being examined on his voir dire touching his qualifications as a juror, testified as follows: "That he was a resident householder of the county of Covington and State of Alabama, and had been for the last preceding 12 months; that he was not related by blood or marriage to either of the defendants or the deceased; that he had no intecrest in the acquittal or conviction of the defendants, and had not made any promise, or given any assurance that he would convict or acquit the defendants and that he had no fixed opinion as to the guilt or innocence of the defendants that would bias his verdict; that he was not on the grand jury that found the indictment against the defendants, and was not on the jury that tried the defendants on the former trial of this cause." The bill of exceptions then further states: "The court thereupon asked said Hardzog in what portion of the county he lived, to which he replied, that he lived in River Falls beat, in said county. The court thereupon, before either the state or the defendant had the opportunity of accepting or challenging said Hardzog as a juror, being in possession of information from which, in the judgment of the court, the ends of justice would be best subserved by so doing, said information being obtained by the court from outside sources, and not from witnesses sworn or examined by the court, and not from being divulged to the court in any of the proceedings had in the trial of the cause, or in impaneling the jury, ex mero. motu, excused said Hardzog, and caused him to stand aside. * * * At the time said juror was excused by the court neither the state nor the defendant had exhausted their challenges." To this action of the court the defendants excepted.

In *Thomas v. State,* 133 Ala. 139, 32 South. 250, it is said: "It was never contemplated by the lawmakers that the enumeration of causes for challenge (contained in

the statute) should operate to deny to either the State or the defendant the very purpose of the statute—to secure a fair trial by an honest, impartial, and intelligent jury." In *Scott v. State*, 133 Ala. 112, 32 South. 623, it is said: "It is well settled that the enumerated causes for challenge in the Code are not exclusive of all others, and of the discretionary power of the court to set aside any one summoned as a juror who for any cause appeared to be unfit to serve as such." And in *Plant v. State*, 140 Ala. 52, 56, 37 South. 159, 160, this court speaking through HARALSON, J., said: "The excuse offered by him [the juror] is not shown, but it is stated that it was held good by the court.. We must presume it was for a reasonable or proper cause, in which case the court had the authority to excuse him." In *Williamson v. State*, 117 Ala 258, 23 South. 5, it is said: "It is a duty of the trial court, as far as it can be done consistently, to see that fair and impartial trials are had, and may to that end of its own motion reject a juror summoned, if it appears under the circumstances he is an unsuitable person to serve. A duty thus exercised, not arbitrarily, but apparently for good purposes in the interest of justice, will not be reviewed"—citing *State v. Marshall*, 8 Ala. 302; *Fariss v. State*, 85 Ala. 4, 4 South. 679; *Griffiin v. State*, 90 Ala. 599, 8 South. 670. In *James v. State*, 53 Ala. 380-387, it is said: "The reasoning above shows that, in our opinion, there was no error which this court can notice in the omission to ask the jurors other questions than the eight contained in the record, or making other inquiries in respect to their qualifications. Besides that, the judge may have personally known the jurors, and so have ascertained their fitness, or may have ascertained it to his satisfaction by means of their answers to his questions, and their known reputation for integrity and intelligence. His judgment in respect to such qualifications could not be reviewed in this court."

It does not appear for what particular cause the court excused the juror, but it does appear that in the judgment of the court the ends of justice would be best subserved by so doing." And it further appears that the court was in possession of information upon which such

judgment was based, and it is wholly immaterial from what source the court received its information such information being sufficient to lead the court to the conclusion and judgment that the ends of justice required that the said person so called as a juror should stand aside. We cannot say, from what is shown by the record, that there was an arbitrary exercise of power by the trial court, and under the authorities above cited the judgment of the court in respect to said juror's qualification cannot be here reviewed.

The evidence of the witness Stanley should not have been excluded, and the trial court erred in so doing. It was proper for the jury to be in possession of any and every fact which might throw light upon and elucidate the transaction. Under the circumstances of this case attending the difficulty, the condition of the deceased and his companion, Stuart, at the time, whether under the influence of liquor or not, was material. In connection with the testimony of the witness, Stuart, who had already been examined by the State, the evidence of Stanley sufficiently identified the deceased and Stuart as being the two persons the witness saw going from the direction of the depot to De Vane's bar, where the difficulty occurred, and it should not have been excluded on the ground of a lack of identification, and this was the sole ground of the motion to exclude.

There was no error in overruling the objection to the question on cross-examination of the defendant Rufus Barden when testifying as a witness in his own behalf, if he and Letch did not go behind the counter, while the deceased, who was still alive, was lying on the floor. It was competent to show the conduct of the defendants after the killing, and there can be no question of its being within the latitude of a cross-examination. Nor was there any error in allowing the solicitor to ask the witness on his cross-examination if he introduced in evidence on the preliminary trial the clothes "now offered as the clothing you had on at the time of the shooting." The defendant having offered himself as a witness, he was subject to be examined as such, and it was compe-

[Barden, *et al.* v. The State.]

tent for the State to call for any fact within the knowledge of the witness pertinent and relevant to the issue.

There were other rulings of the court on the introduction of evidence to which exceptions were reserved, but they are not insisted on by the counsel. Besides, they seem to be wanting in merit, and for this reason we decline to discuss them.

Written charges 8 and 22, refused to the defendants, were patently bad, and therefore properly refused.

Written charge 29, if for no other reason, was properly refused as being argumentative.

Charges 26, 27 and 28, were each misleading in tendency, and were ,therefore, properly refused. There was other evidenc in the case than that of the witnesses Whitlock and Stuart from which the jury might have found the defendants guilty. · This being true these several charges, besides their misleading tendency, gave undue prominence to the testimony of these two witnesses. In the case of *Jackson v. State*, 136 Ala. 22, 34 South. 188, where a similar charge was held good, there was but one witness and this fact is sufficient to differentiate that case from the one at bar.

For the error pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.