(93 South. 521)

### CULVER v. STATE. (4 Div. 966.)

(Supreme Court of Alabama. June 22, 1922.)

**1. Jury ☞80—Failure of juror excused for sickness to return held not error.**

In a prosecution for murder, wherein at an earlier day in the week of the trial a juror excused for sickness in his family failed to return, no error resulted, Jury Law, § 32, providing that failure of a juror to attend shall not require the quashing of the venire or continuance of the case.

**2. Jury ☞79(3)—Refusal to recognize juror not drawn held not error.**

In a prosecution for murder, where it appeared that two jurors of the same name from different precincts were summoned and both appeared and that one was excused as not drawn, there was no error in declining to recognize such person as a juror.

**3. Criminal law ☞409—Predicate for admission of defendant's inculpatory statements held sufficient.**

In a prosecution for murder, statements by the sheriff that he neither did nor said anything to induce defendant to make inculpatory statements *held* a sufficient predicate for their admission.

**4. Homicide ☞300(15) — Instructions as to self-defense omitting duty to retreat held properly refused.**

In a prosecution for murder, where self-defense was set up and it appeared that defendant, after being attacked by deceased, ran in under deceased's arms and seized a mattock with which he struck deceased, requests for instructions, taking no account of the duty to retreat, *held* properly refused.

**5. Homicide ☞300(12) — Instructions as to self-defense held properly refused as disregarding evidence.**

In a homicide case, instructions on self-defense, failing to take into consideration admissions of defendant that he struck deceased after he had felled him with the first blow, *held* properly refused.

**6. Criminal law ☞829(21)—Instructions reducing murder to manslaughter held properly refused as sufficiently covered.**

Instructions in a homicide case as to reduction of the crime to manslaughter in the first degree, through action under sudden passion adequately provoked, *held* properly refused as substantially covered in the oral charge.

Appeal from Circuit Court. Henry County; H. A. Pearce, Judge.

Alford Culver was convicted of murder in the first degree, and he appeals. Affirmed.

The following charges were refused to the defendant:

(1) If the jury are not convinced beyond a reasonable doubt that the defendant killed Miles McCoy in such a manner as to constitute murder in the first degree, then they cannot so convict the defendant.

(2) The court charges the jury that if they believe from the testimony that the defendant was free from fault in bringing on the fatal difficulty, and further find from the testimony that, at the time the fatal blow was delivered, the defendant had just been stricken on the head with the handle of a weeding hoe, and the deceased was in the act of striking the defendant with a weeding hoe; and thereupon the defendant struck the fatal blow or blows, then your verdict should not be murder in the first or second degree.

(3) The court charges the jury that if they believe from the testimony that the defendant was free from fault in bringing on the fatal difficulty, and further find from the testimony that at the time the fatal blow was delivered, the defendant had just been stricken on the head with the handle of a weeding hoe, and the deceased was in the act of striking the defendant with a weeding hoe, and the defendant could not retreat without increasing his danger, at the time the fatal blow was struck, then you cannot find the defendant guilty of murder in the first, or second degree.

(4) The court charges the jury that if there was sudden transport of passion upon the part of the defendant caused by adequate provocation and that such passion suspended the exercise of his judgment and dominated his volition so as to exclude premeditation and a previously formed design upon his part to kill Miles McCoy then the jury are authorized to find the defendant guilty of manslaughter.

(5) The humane provision of the law is that, upon the evidence, there should not be a con-

viction unless to a moral certainty it excludes every reasonable hypothesis other than that of the guilt of the defendant.

(6) If the jury believe from the evidence that the defendant struck the deceased under a sudden passion engendered after an assault upon him, then the jury cannot convict the defendant of either murder in the first degree or murder in the second degree.

(7) The court charges the jury that if they believe from the testimony, that the defendant was free from fault·in bringing on the fatal difficulty, and further find from the testimony that, at the time the fatal blow was delivered, the defendant had just been stricken on the head with the handle of a weeding hoe, and the deceased was in the act of striking the defendant with a hoe, and thereupon the defendant struck the fatal blow or blows, then your verdict should not be guilty of murder in the first degree.

Lee & Tompkins, of Dothan, for appellant.

The court erred in admitting,, over defendant's objection, the alleged statement as made by defendant to the witness Corbitt. 17 Ala. App. 539, 85 South. 852. The court erred in refusing charges requested for defendant. 60 Ala. 26; 52 Ala. 348; 62 Ala. 599; 65 Ala. 446; 50 Ala. 166; 63 Ala. 169.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach Reporter.

McCLELLAN, J. The defendant, appellant, is sentenced to death for the murder of Miles McCoy. The defendant admitted having struck McCoy two blows on the head with a mattock. Defendant fled, and was later apprehended. He sought to justify his act on the theory of self-defense, testifying that McCoy, provoked at defendant's handling of a mule he was ploughing, struck him with a hoe handle and then, turning the implement, was about to strike him with the blade of the hoe, when defendant ran in under his arms, seized a mattock from the ground and struck McCoy, and again after he fell. There was no eyewitness to the tragedy. Two men near by heard nothing preceding their discovery of McCoy's dead body on the ground.

[1] Section 32 of the 1909 Jury Law (Gen. Acts, Sp. Sess. p. 320) provides that the failure of the sheriff to summon any juror drawn, the failure or refusal of a juror to attend the trial, or mistake in the name of a juror, shall not suffice to require the quashing of the venire or the continuance of the case. No error resulted from the fact that at an earlier day in the week of the trial the court excused Gamble because of sickness in his family, juror Gamble not returning on Wednesday as was expected and promised.

[2] J. Nelson Trawick of precinct 18 and another of the same name of precinct 14 were summoned as jurors and both appeared. The court excused Trawick of precinct 14 "because his name was not drawn as a juror and did not appear on the venire." This conclusion of fact required the exclusion of the Trawick of precinct 14 as a member of the venire to try defendant. If not drawn as a juror, that Trawick could not be accepted or serve as a juror. There was no error in declining to accept or to recognize that Trawick as a juror.

[3] The bill of exceptions does not purport to contain all or substantially all of the evidence presented on the trial. The predicate for the admission of defendant's inculpatory statements to Sheriff Corbitt (they were the same, in effect, recited by defendant when testifying as a witness) was sufficient to justify the sheriff's testimony reciting them after he had testified that he neither did nor said anything to induce defendant to make the statements. Had another person been shown to have been present on the occasion defendant made these statements, there would have been cause to consider the rule stated and applied by the Court of Appeals in Carr v. State, 17 Ala. App. 539, 85 South. 852, 854. Even under the evidence recited in the bill of exceptions, it was a question for the jury whether defendant's killing of McCoy was justified or not, and if not, of what degree of homicide he was guilty.

[4, 5] No motion for new trial appears to have been made, and, of course, there was no request for the affirmative charge for defendant. There were no exceptions taken to the oral charge of the court. Besides the matters of which account has been taken, the only possible bases for error relate to the refusal of defendant's requested instructions. With respect to justification under the doctrine of self-defense, the defendant's own statement left open to the jury the inquiry whether opportunity to retreat was available, within the law's exaction, as a condition to extreme measures, or whether, in "running in under" McCoy's arms, as he prepared to strike defendant with the blade-, end of the hoe, defendant "returned" to the affray from a place of safety, and, if so, deprived himself of the benefit of the right of self-defense. Two of these requested instructions, took no account of the rule, in proper cases, of duty to retreat. Furthermore, these requests for instructions omitted to take into consideration the phase of the evidence in which defendant admitted he struck McCoy with the mattock after he had felled McCoy with the first blow that did not fracture his skull.

In the oral charge the court instructed the jury fully upon the several degrees of homicide; and also advised the jury that unless the elements essential to a conviction of murder were found to exist, defendant could not be convicted of murder in either degree.

[6] The subject-matter of the two requests for instruction treating, hypothetically, de-

fendant's action under sudden passion, adequately provoked, whereupon, in proper cases, the crime is reduced to manslaughter in the first degree, was substantially given the jury in the oral charge of the court

No error appearing, the judgment must be affirmed.

Affirmed.

All the Justices concur.