(103 So. 706)

## BIGGS v. STATE.   (1 Div. 590.)   -

(Court of Appeals of Alabama. Nov. 25, 1924. Rehearing Denied Jan. 13, 1925.)

**1. Jury 126—Statutory causes of challenge not exclusive of others.**

The enumerated causes of challenge to jurors set out in Code 1907, § 7276, are not exclusive of others.

**2. Jury 75(2)—Court may, in exercise of its discretion, excuse juror.**

A court may, for reasons which, in exercise of its discretion, it deems sufficient, excuse juror, who has been summoned.

**3. Jury 75(1)—Court may excuse juror for cause regarded by it as sufficient.**

It is within power of trial court to excuse jurors for cause regarded as sufficient by the court.

**4. Jury 109—Court held authorized on its own motion to excuse jurors related to defendant within prohibited degree.**

Under Acts Sp. Sess. 1909, pp. 312, 317, §§ 18, 32, as amended by Acts 1919, pp. 1039, 1040, and Code 1907, § 7280, trial court may, on its own motion, excuse jurors related to defendant, within prohibited degree, when not challenged for cause under section 7276 by the state.

**5. Criminal law, 419, 420(1)—Testimony as to what defendant was told happened at his house during his absence properly excluded as hearsay.**

Where defendant, in murder prosecution, testified that he was away from home on day of difficulty, evidence as to whether anybody told him that anything happened at home during his absence was properly excluded as hearsay.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Lee Biggs was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari · denied by Supreme Court in Ex parte Biggs, 212 Ala. 628, 103 So. 707.

See, also, 19 Ala. App. 160, 95 So. 908.

Hybart & Hare, of Monroeville, for appellant.

The court cannot fix or prescribe the qualification of jurors. Excusing jurors, without challenge by the state, and over objection of defendant, was error to reverse.   Acts 1909, p. 303, § 32; Code 1907, § 7276; Phillips v. State, 68 Ala. 474; Murphy v. State, 37 Ala. 142; Lyman v. State, 45 Ala. 72; Spigener v. State, 62 Ala. 383; Parker v. State, 7 Ala. App. 9, 60 So. 995; Powell v. State, 48 Ala. 154; Murray v. State, 48 Ala. 675; Bell v. State, 115 Ala. 25, 22 So. 526; Long v. State, 86 Ala. 36, 5 So. 443.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The trial court was within its rights in excusing the jurors subject to challenge for cause.   Code 1907, § 7276(4) (7); Beech v. State, 205 Ala. 342, 87 So. 573; Leith v. State, 206 Ala. 439, 90 So. 687.

FOSTER, J.   The defendant was indicted for murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a term of 10 years.

The bill of exceptions discloses that two of the jurors, who on their voir dire stated that they were related to the defendant within the ninth degree by consanguinity, were excused by the court ex mero motu, and exception duly reserved by the defendant.

Sections 18 and 32 of the jury law of 1909 (Acts Special Session 1909, pp. 312, 317) were amended by act approved September 29, 1919 (Acts 1919, p. 1039).   Section 32 as amended provides that on the day set for trial of a capital case, if the cause is ready for trial, the court must inquire into and pass upon the qualifications of all persons who appear in court in response to the summons to serve as jurors, and shall cause the names of all those whom the court may hold to be competent jurors to try the defendant to be placed on lists from which to strike until only 12 names remain thereon, which shall constitute the jury to try the defendant.

One of the grounds for challenge, set out in section 7276, Code 1907, is that the juror is connected by consanguinity within the ninth degree with the defendant.   The question for determination here is whether the court of its own motion may excuse jurors related to the defendant within the prohibited degree, when not challenged for cause by the state.

In Leith v. State, 206 Ala. 439, 90 So. 687, a juror on his voir dire stated that he had a fixed opinion as to the guilt or innocence of the defendant which would not be removed after he heard the testimony.   Another juror stated that he had a fixed opinion as to the guilt or innocence of the defendant, and that he did not think the testimony could be received and weighed by him without being biased.   The court announced that each of the jurors was subject to challenge for cause; both the state and the defendant waived the challenge; the court of its own motion excused each of the jurors, and the defendant duly excepted.   One of the grounds of challenge laid down in section 7276, Code 1907, is that the juror has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict.   The court in this case held that there was no abuse of official power by the court in setting aside, ex mero motu, the jurors, but that it was a

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

discharge of its high duty and office in the exercise of the discretionary powers in securing to the defendant the right of trial by an impartial jury. We might rest the decision in the instant case upon the Leith Case, supra, for in each case the court of its own motion excused jurors upon one° of the grounds for challenge set down in Code, § 7276, supra. In the Leith Case the jurors had a fixed opinion as to the guilt or innocence of the defendant which would bias their verdict; in the instant case they were related to the defendant within the ninth degree by consanguinity.

Section 7280, Code 1907, provides that—

"The court may excuse from service any person summoned as a juror if he is disqualified or exempt, or for any other reasonable or proper cause, to be determined by the court."

[1] The enumerated causes of challenge set out in section 7276, Code 1907, are not exclusive of others. Barden v. State, 145 Ala. 1, 40 So. 948; Carr v. State, 104 Ala. 4, 16 So. 150; Wickard v. State, 109 Ala. 45, 19 So. 491.

The following have been held cause for challenge: That juror served on trial of another person charged with selling liquor to the same intemperate person (Smith v. State, 55 Ala. 1); that juror served on previous trial of same case (Commander v. State, 60 Ala. 1; Baldwin v. State, 111 Ala. 11, 20 So. 528); that juror sat on trial of another person convicted at the same term of like offense, at same time and place (Wickard v. State, 109 Ala. 45, 19 So. 491); that juror is witness and interested in a similar prosecution against the defendant (Carr v. State, 104 Ala. 4, 16 So. 150); that juror was on the grand jury which found the indictment (Williams v. State, 109 Ala. 64, 19 So. 530); in capital case, where juror, who was on the regular jury for the week, had previously convicted prisoner's codefendant, as to whom there had been a severance (Wesley v. State, 61 Ala. 282); where juror was sick (Powell v. State, 48 Ala. 154); where juror could not understand the English language (Long v. State, 86 Ala. 36, 5 So. 443). See, also, 35 Corpus Juris, § 310 (2), p. 307.

In Fariss v. State, 85 Ala. 1, 4 So. 679, pending the drawing of jurors for the purpose of selecting and impaneling the jury, five several names were drawn, each of whom was of the regular jurors summoned for the week. The court announced, in reference to each of them, that on their several applications they had been excused by him from attendance on court as jurymen, for reasons which the court deemed sufficient. This had been done without the knowledge of the defendant, on Monday, the first judicial day of the week. On the trial the defendant duly excepted to this action of the

court. Chief Justice Stone in this case held that the court committed no error; that "it must be presumed that judges in excusing jurors, act on correct principles, and discharge them only for good and sufficient reasons." See, also, Floyd v. State, 55 Ala. 61; Jackson v. State, 77 Ala. 18.

The right is given by statute (section 7280, Code 1907) to the court to excuse jurors from serving when they are disqualified or exempt, "or for any other reasonable or proper cause, to be determined by the court."

[2-4] It is well settled that the court may, for reasons which in the exercise of its discretion it deems sufficient, excuse jurors who have been summoned from serving. 35 C. J. § 309, p. 306. It is within the power of the court to excuse jurors for a cause regarded as sufficient by the court. Evans v. State, 209 Ala. 563, 96 So. 923; Caldwell v. State, 203 Ala. 412, 84 So. 272; Culver v. State, 207 Ala. 657, 93 So. 521. In the instant case the court committed no error in excusing the two jurors.

[5] The defendant, while testifying as a witness in his own behalf, stated that he was away from home on the day of the difficulty until about 4:30 in the afternoon, and was asked by his counsel if anybody told him that anything happened at home during his absence. Objection by the state to the question was sustained, and the defendant duly excepted. The evidence elicited was clearly hearsay and inadmissible. 1 Mayf. Dig. par. 2, p. 318.

The record fails to disclose error. The judgment of the Circuit Court is affirmed.

Affirmed.