# Wilson *v.* The State.

*Indictment for Murder.*

1. *Sufficiency of indictment; averment of means in alternative.*—In an indictment for murder, it is permissible to allege in the alternative, that the offense was committed by different means (Code of 1886, § 4383); as, "by striking him in the head with some hard substance unknown to the grand jury, or by choking him with a piece of fuse or cord."

2. *Inculpatory admissions and confessions.*—Inculpatory admissions, in the nature of confessions, are governed by the same rules which determine the admissibility of confessions proper; that is, they are *prima facie* involuntary and inadmissible, and should not be allowed to go to the jury until, on preliminary inquiry by the court, this presumption is overcome.

3 *Confessions during preliminary examination.*—Confessions made by the defendant during his preliminary examination with two other convicts for the murder of a fellow convict, which examination was conducted within the prison, in the presence of several officers and a magistrate, and the confessions made in answer to questions propounded to him, are *prima facie* involuntary and inadmissible; and the testimony of the officer to whom they were made, "I don't think I made any promises, gave any inducements, or made any threats," is not sufficient to show that they were in fact voluntary.

APPEAL from Jefferson Criminal Court.

Tried before Hon. S. E. GREENE.

The appellant, Tom Wilson, was indicted for the murder of Cash Mosley, a fellow convict, at Pratt Mines; the language of the indictment being as follows: "The grand jury charge that . . . George Williams, Tom Wilson, and Nathan Collins did unlawfully and with malice aforethought kill Cash Mosley by striking him in the head with some hard substance unknown to the grand jury, or by choking him with a piece of fuse or cord," &c. The defendant demurred to the indictment on the ground that it alleged in the alternative the means by which the offense was committed; which demurrer was overruled.

The defendant objected to and excepted to the admission

[Wilson v. The State.]

in evidence of certain confessions alleged to have been made
by him for the reason that they were involuntarily made.
Their nature and the circumstances accompanying these con-
fessions appear in the opinion.

R. H. FRIES, and R. L. THORNTON, for appellant.—The
court should have excluded evidence of the alleged confes-
sions because they were involuntarily made.—*Young v.
State*, 68 Ala. 569; *Henderson's Case*, 70 Ala. 23; *Marler's
Case*, 67 Ala. 65; *Morgan's Case*, 45 Ala. 65.

THOS. N. McCLELLAN. Attorney-General, *contra*.—The
demurrer was properly overruled.—Crim. Code of 1886,
p. 274, Form 62, § 4366; § 4383; *Bryan v. State*,
45 Ala. 86; 46 *Ib.* 204; 54 *Ib.* 127. The evidence of the
witnesses as to the statements of Tom Wilson was properly
admitted. Such statements were not confessions. They
were circumstantial and direct denials of guilt. If they are
to be treated as a confession it can not be distinguished from
*Kelly's Case*, 72 Ala. 244.

CLOPTON, J.—The indictment is not defective, because
it avers in the alternative the means by which the offense
was committed. "When the offense may be committed by
different means, or with different intents, such means or in-
tents may be alleged in the alternative."—Code, 1886,
§ 4383.

We can not regard the statements of the defendant, made
to witness Moore, and during the progress of the preliminary
investigation, as acknowledgments of facts not inculpatory in
their nature—admissions as distinguished from confessions.
They make direct allusions to the deceased, and are narra-
tives of the facts and circumstances of his death which tend
to implicate the defendant in the crime. Being in the na-
ture of confessions, their admissibility in evidence should be
determined on the same principles as direct confessions of
guilt. It is within the province of the court to determine,
in the first instance, whether or not a confession is voluntary.
Being, *prima facie*, involuntary and inadmissible, the bur-
den is on the prosecution to establish the competency by
showing, on a preliminary inquiry, that the mind of the
accused was free from influence of hope or fear applied by
another, when he made the confession. The court should
take care that the confessions proceeded from volition, and

[Wilson v. The State.]

not as the result of any influence improperly exerted, and should not admit them unless they clearly appear to have been made in such manner as to constitute them competent evidence.

What questions were propounded to the witness Moore, and his answers thereto are not disclosed by the record, which only shows a statement by him as follows: "*I don't think* I made any promises, gave any inducements, or made any threats."—against the defendant, before or at the time of the confession. The guarded and cautious words of the witness implied doubt in his own mind, and are an admission that his recollection is not so clear, but that he may be mistaken; or. may be regarded as an admission, that he had given promises, or made threats, but whether before or at the time of the confession, or subsequently, he does not recollect. While the character of the confession is ordinarily shown by answers to appropriate questions, the court should look beyond these to the condition, situation and character of the accused, and the circumstances surrounding him. The defendant was a convict working at Pratt Mines; the witness had charge of all the convicts at the mines, and it was his duty to inflict corporeal punishment for violation of the rules of the prison. - He stood to the defendant as one having authority. The offense was committed in the mines where the defendant was at work. When the guarded and doubtful language of the witness is considered in connection with the condition and situation of the prisoner, and the attendant circumstances, we do not regard it as sufficient to make it clearly appear that the confession was voluntary. Other facts and circumstances may possibly be shown removing such doubt as to the character of the confessions, but if they exist, they are not shown by the record. Our decisions do not favor the admissibility of confessions, and if there be any doubt of their competency, it should be resolved, in accordance with the humane principles of our criminal law, in favor of life and liberty, and confessions should not be admitted unless plainly shown to be voluntary.

In *Seaborn v. State*, 20 Ala. 15, it was held, that the fact that a confession was made to an examining magistrate, when voluntarily made, is not sufficient to exclude it. In that case, the prisoner pleaded guilty, and voluntarily made a confession of the circumstances of the killing in response to an inquiry by the magistrate. There was no special interroga-

tion with a view to obtain a confession. In *Kelly v. State,* 72 Ala. 244, the admissibility of confessions made during the progress of the preliminary investigation came again before the court, and was fully considered and discussed. It was then held, that the practice of interrogating the accused during such examination is unwarranted by the principles of the common law, unauthorized by statute, and contrary to the spirit of the Declaration of Rights; and that "confessions elicited by such a censurable practice are to be taken as involuntary, and should be excluded as criminative evidence against the person making them." In the present case the preliminary examination was had in the prison. After having examined the witnesses for the prosecution, the defendant with two other persons, who were on trial at the same time, were sent out of the room with Williamson, who was then "task-master and mining boss," and also a witness. The defendant was brought in alone by Williamson, and interrogated by Moore, to whom the other confession, we have above considered, is alleged to have been made. In addition to Williamson and Moore, Rogers, the manager of the convict department at the mines, and another magistrate were present." The defendant was not sworn, and did not request to be examined as a witness. From these facts and circumstances, it is evident that the case can not be distinguished in principle from *Kelly v. State, supra.* It is true, that no threats were made, nor promises given; but the defendant was not apprised of his rights, nor informed that his case would not be prejudiced by his refusal to answer the questions; or that such refusal could not be construed as an evidence of guilt. In 1 Greenl. on Ev , § 226, the author observes in reference to confessions made by an accused under such circumstances: "Being a prisoner, subject to an inquisitorial examination, and himself at least in danger of an accusation, his mind is brought under the full influence of those disturbing forces against which it is the policy of the law to protect him." Self-possession, and the free and uninfluenced exercise of volition can not be expected in a prisoner so situated, under such circumstances, and subjected to such inquisitorial interrogation by persons, who had authority over him as a convict. The confessions of defendant, implicating him in the crime charged, made during the progress of the preliminary investigation, must be regarded as involuntary and incompetent.

Reversed and remanded.