# Salter *v.* The State.

### *Indictment for Bigamy.*

1. *Wife as witness for or against husband.*—On a prosecution for bigamy, the first (or real) wife is not a competent witness against the defendant; but the second wife, so called, being introduced as a witness against him, and testifying that she "is his wife," may be asked when she married him, for the purpose of showing that she is not in fact his lawful wife, and is therefore competent as a witness.

FROM the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment under which the appellant was tried and convicted, charges that "Sam Salter, having a wife then living, unlawfully married one Martha Grimes." On the trial of the case, as is shown by the bill of exceptions, the State introduced as a witness the said Martha Grimes. The defendant asked her, if she was the wife of the defendant; to which she replied that she was. The State then asked witness, if she was the person who married the defendant in 1889—the indictment having been filed in open court September 28th, 1889. The defendant objected to this question, and upon the court's overruling it, duly excepted. This constitutes the only exception reserved in the bill of exceptions. There was testimony introduced by the State which showed conclusively that the defendant was guilty as charged in the indictment.

WM. L. MARTIN, Attorney-General. for the State, cited, *Williams v. State,* 44 Ala. 24; *Martin v. Martin,* 22 Ala. 86.

[Smith v. The State.]

WALKER, J.—If the witness Martha Grimes was at the time of the trial the wife of the defendant she was incompetent to testify for or against him in this case.—*Hussey v. The State*, 87 Ala. 121; 3 Brick. Dig. 824, §§ 35–42. Though she stated that she was defendant's wife, it is evident that she did not really occupy that relation if at the time of the alleged marriage to him he already had a wife who is still living and undivorced. A man can have but one lawful wife living. So long as she survives, and the marriage bonds are not dissolved, any attempted subsequent marriage is null and void, and the alleged second wife is no wife at all.—*Martin v. Martin*, 22 Ala. 86. The incompetency to testify because of the marital relation extends only to the lawful wife.— *Williams v. The State*, 44 Ala. 24. An affirmative answer to the question, to which objection was made, would, in connection with the proof of the defendant's former marriage, serve to show that the witness, in styling herself the defendant's wife, was ignorantly misapplying that term; and the question was competent for the purpose of eliciting an explanation by the witness of the sense in which she used the expression, so as to make it clear that in calling herself the wife of a man, whose lawful wife was another woman, she was not stating a. fact which rendered her incompetent to testify. The question was clearly permissible for this purpose, and its allowance by the court was proper. The record presents no other matter for review.

Affirmed.

