# Hargrove *v.* The State.

## *Burglary.*

(Decided June 30, 1906.   41 So. Rep. 972.)

1. *Criminal Law; Evidence; Trailing with Dogs.*—Evidence as to the trailing of defendant by dogs was admissible where it was shown that the person in charge of the dogs was engaged in the business of trailing persons with dogs; that the dogs used to trail defendant were trained to trail human beings; that one of them had had four years training; that the other had had experience also, and that the dogs had trailed sixty or seventy persons in the last four years.

2. *Same; Tracks.*—It being admitted that a certain pair of shoes belonged to the defendant, and that he wore them on the day of the night of the burglary, it was permissible to show that the shoes were obtained from defendant's house after his ar-

7

rest, and that they were of the same length and width as the tracks found near the place where the burglary was committed.

3. *Same; Affirmative Instruction.*—Where the evidence affords an inference against defendant's innocence, he is not entitled to the general affirmative charge.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Defendant was tried and convicted of burglary. The facts are sufficiently stated in the opinion of the court.

M. K. CLEMENTS, for appellant.—The court erred in not excluding all the evidence in reference to trailing defendant with bloodhounds.—*Hodge v. State*, 98 Ala. 10 ;*Pedigo v. Commonwealth*, 42 L. R. A. 432. The court erred in refusing to give the general affirmative charge requested by appellant.—Authorities, supra.

MASSEY WILSON, Attorney General, for State.—(No brief came to the Reporter.)

DOWDELL, J.—The defendant was tried and convicted on an indictment charging him with the crime of burglary.

There are three questions presented for our consideration. The first is on the action of the trial court in overruling the motion of the defendant to exclude "all the evidence of the witness, Lee Davidson, in reference to alleged trailing of the defendant by the dogs." It was shown by this witness that he owned two bloodhounds, and "was in the business of running bloodhounds, and that the two dogs were trained to trail human beings. This witness further testified that one of the dogs had had four years' training, and that the other dog was two years old, "and had experience also," and that "these dogs had trailed 60 or 70 persons in the last four years." With this evidence as to the nature and training of the dogs, the testimony of this witness in reference to the trailing of the defendant by the dogs, was competent and admissible under the ruling in the case of *Hodge v. State*, 98 Ala. 10, 13 South. 385, 39 Am. St. Rep. 17. See, also *Little v. State*, (Ala.) 39 South. 674.

[Hargrove v. The State.]

The second question is on the action of the court in overruling the defendant's motion to "exclude the evidence of the witness Labe Westmoreland in reference to the tracks." This witness testified "that he got a pair of shoes at the house of the defendant the night that the dogs went to the defendant's house, and after the defendant was arrested, and that some tracks that were found near Warten's store and near where the cash drawer was found, were the same length and width as the shoes found in the defendant's house." The witness further testified "that these shoes were put into the tracks found in the rear of Warten's lot, where the cash drawer was rifled, and they were the same length and width as these tracks." The defendant admitted, when being examined as a witness in his own behalf on the trial, that the shoes were his, and that he wore them on the day of the night of the burglary. The evidence as to the tracks was competent and relevant, and the court committed no error in overruling the motion to exclude. —Mayfield's Digest, vol. 1, § 421 1-2, p. 333.

The third question raised is based on the refusal of the court to give the general charge requested in writing to find in favor of the defendant. It has often been ruled by this court that the general affirmative charge cannot be given, when the evidence affords inference adverse to the party requesting the charge. In such a case the question becomes one for determination by the jury. The evidence in the case before us offered inference of the defendant's guilt, and the court, therefore, properly refused the charge. We find no error in the record and the judgment will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.