# Davis *v.* The State.

## *Arson.*

(Decided July 2, 1908. 44 South. 545.)

1. *Arson; Character of Property.*—Under section 4337, Code 1896, the setting fire to a corn crib, irrespective of whether it contained corn or not is arson.

2. *Evidence; Confession.*—It is proper to permit a witness to testify that defendant told him that he had set the fire because he had nothing else to do and that he was trying to get up a crowd to run the prosecutor off.

3. *Same; Identity of Accused.*—It is proper to permit a witness to testify that the morning following the night of the fire he found human tracks near the location of the fire and that they led in the direction of the house where defendant spent the night.

4. *Same; Jury Question.*—Where there was evidence of tracks found near the place of the fire on the morning after the night on

which the fire occurred and that the tracks led from the place near where the fire occurred towards the house where defendant spent the night, and that the tracks were made by a shoe of the same size as that worn by defendant, the weight of such evidence, or whether any weight should be accorded to it, was a question properly submitted to the jury.

5. *Trial; Instructions; Undue Prominence.*—A charge asserting that if the jury believed that the mother of defendant told the truth concerning defendant's alibi, the verdict must be not guilty, was properly refused as giving undue prominence to a part of the evidence.

6. *Arson; Question for Jury.*—The evidence in this case stated and examined and it is held that the question of defendant's guilt under it is for the jury to consider.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Jim Davis was convicted of willfully setting fire to a corncrib, and he appeals. Affirmed.

The indictment charges that, before the finding, Jim Davis willfully set fire to and burned a corncrib of P. D. Lee, alias Joe Lee, against the peace and dignity of the state of Alabama. Ras Boyd, a state's witness, testified that he had a talk with defendant at a certain place, and in the conversation defendant said that he burned the corncrib just because he had nothing else to do, and "at the same time voluntarily stated to me that he was trying to get up a crowd to run old man Lee off." After the witness had testified to these facts, the defendant entered a motion to exclude the testimony which was overruled. The defendant further moved the court, after all the evidence in the case was in, to exclude all the evidence in the case as to tracks, first, because the tracks testified about do not indicate the presence or proximity of the defendant, or tend to connect the defendant with the commission of the crime of which he is charged, and because it is illegal and incompetent testimony. This motion was overruled.

The defendant then requested the following written charges, which were refused: "(1) I charge you, gentle-

men, that there is no evidence in this case to show any correspondence between the tracks testified to by the witness Lee as having been seen near the place where the crib was burned and the shoes worn by the defendant at the time, or with any shoes found in his possession. (2) I charge you that there is no evidence in this case to connect the defendant with any tracks found near the place where the crib was burned. (3) I charge you that if you believe, from the evidence in this case, that the mother of the defendant told the truth about the alibi of the defendant, then the verdict must be not guilty." (4) General affirmative charge.

Motion was made in arrest of judgment, because the indictment in the cause charged a misdemeanor, and this court was without authority of law and jurisdiction to try the case, and for that section 4337 of the Code of 1896 is void and unconstitutional, in that it makes it a felony for a person to burn his own house, and for that the indictment is insufficient to support the judgment, in that it fails to charge that the alleged corncrib con- tained corn at the time it was burned. This motion was also denied, and defendant was sentenced to the peniten- tiary for a term of three years, from which judgment and sentence he appeals.

LOGAN, VANDEGRAAFF & FULLER, for appellant.—The count in the indictment would not support the judgment of conviction and the motion in arrest of judgment should have been granted.—*Hornsby v. The State,* 94 Ala. 63. The indictment was bad for failing to allege that the crib contained corn.—Section 4333, Code 1896; *Cook v. The State,* 83 Ala. 62. In the codification the commissioner left off the words, in the statute, "of an- other person" thus rendering the codification violative of section 36, Constitution 1875.—3 Cyc. 991; *Hurd v.*

*State,* 81 Ala. 55; *Hannigan v. The State,* 131 Ala. 31; *State v. Young,* 139 Ala. 136. The evidence of tracks was too indefinite to be competent.—*Hodges v. The State,* 97 Ala. 39. The evidence of the alibi was without dispute, and charge 3 should have been given.—*Frost v. The State,* 124 Ala. 71; *Huskey v. The State,* 129 Ala. 99.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DENSON, J.—The statute makes the willful setting fire to or burning of a corncrib arson in the second degree, whether the crib contains corn or not. Therefore the motion in arrest of judgment was without merit, and was properly overruled.—Code 1896, § 4337; *Cook's Case,* 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688; *Thomas' Case,* 116 Ala. 461, 22 South. 666.

The appellant's counsel concede that the motion to exclude the evidence of the witness Ras Boyd is without merit, and state in their brief that they do not insist that the court erred in overruling the motion.

It was competent for the witness Lee to testify that on the morning next after the night of the fire he found human tracks near the place where the crib was burned, and that the tracks led towards the house of the father of the defendant, where the defendant had spent the night. It was shown that the tracks were made by a No. 9 or No. 10 shoe, and that defendant wore such a shoe.—*Hodge's Case,* 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145. The weight of the evidence of the tracks, or whether such evidence should be accorded any weight, was a question for the jury to determine. The motion to exclude the evidence as to the tracks was properly overruled. Furthermore, the court was not bound to grant the motion, as it came too late.—*Liner's Case,* 124 Ala. 1, 27 South. 438.

[Dillard v. The State.]

The court properly refused charges 1 and 2 requested by the defendant. Neither of them asserts a proposition of law.—*Mobile Light & R. Co. v. Walsh,* 146 Ala. 295, 40 South. 560 (charge EE); *Johnson v. State,* 152 Ala. —, 44 South. 670.

Charge 3, requested by the defendant, was properly refused. It singles out and gives undue prominence to a part of the evidence.—*Crawford's Case,* 112 Ala. 1, 21 South. 214; *Huskey's Case,* 129 Ala. 94, 29 South. 838; *Teague's Case,* 144 Ala. 42, 40 South. 312.

Clearly this is not a case in which the evidence affords no inference of the guilt of the defendant. Therefore the general affirmative charge was properly refused to defendant.—*Hargrove's Case,* 147 Ala. 97, 41 South. 972.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.