# Wright *v.* The State.

## *Murder.*

(Decided Feb. 6, 1912. 58 South. 68.)

1. *Appeal and Error; Discretion; Withdrawal of Plea.*—It is within the discretion of the trial court to permit or refuse to permit the withdrawal of a plea to the merits, for the purpose of filing a plea in abatement.

2. *Jury; Grand Jury; Organization; Plea.*—Under section 29, Acts 1909, p. 317, a plea in abatement which alleges no fraud in the organization or qualification of the jury is properly stricken.

3. *Judges; Disqualification; Objections.*—Grounds going to the competency of a trial judge cannot be set up by plea.

4. *Same; Causes.*—It was not a ground of disqualification of a judge, under the common law or under section 4626, Code 1907, that the judge who drew and organized the grand jury which found the indictment against the defendant was under bond himself to appear and await the action of the same grand jury on a charge of having violated the state game law.

[Wright v. The State.]

5. *Homicide; Evidence; Relation of Parties.*—Where the state's theory was, and its evidence tended to show that the deceased and the defendant at the time of or a short time before the murder, had been in intimate relation, evidence of such relation and that deceased had moved to another place, and that the defendant had been seen going to the home of the deceased, where she was killed, on different occasions, a short time before, was competent as tending to show motive.

6. *Same; Trial; Jury Question.*—Where there was evidence tending to show the commission of the homicide, and tending to connect defendant therewith, defendant was not entitled to have the verdict directed for him.

7. *Evidence; Statement by Defendant; Statement to Third Person; Admissibility.*—On cross examination of a defendant's witness, the State asked her if on a particular occasion she had not made a statement to another as to what defendant had said involving a partial confession on the part of the defendant. Upon her denying the statement, the state introduced a witness to prove the making of the statement. Held, that while competent for the purpose of impeaching the witness as to a material part of her testimony, if confined to that purpose, yet it was of doubtful admissibility in the absence of a showing that the defendant was present at the time the statement was alleged to have been made to such witnesses, and as being hearsay in character.

8. *Same; Preliminary Trial; Testimony of Accussed.*—Inculpatory admissions or statements by a defendant at his preliminary trial are prima facie inadmissible; and where defendant was not examined on his voir dire and where there was no proof that such statements were voluntarily made by the defendant, then in custody charged with a crime, such statements are not admissible.

9. *Same; Confessions; Voluntary Character.*—Before. receiving confessions or inculpatory admissions the circumstances surrounding their making, should be inquired into with great care and caution for the purpose of ascertaining if they were voluntarily made.

10. *Trial; Objections to Evidence; Sufficiency.*—Where a witness for the defendant was required to testify as to whether or not she had on a particular occasion made certain statements to another involving a partial confession on the part of the defendant, and the person to whom such statements were alleged to have been made was called for the purpose of contradicting the witness, a general objection to the evidence on the ground that it was irrelevant, illegal and incompetent, was sufficient.

11. *Charge of Court; Covered by Those Given.*—It is not error to refuse requested instructions which are covered by requested instructions already given.

12. *Arrest of Judgment; Motion; Bill of Exceptions.*—A motion in arrest of judgment which was shown only by bill of exceptions cannot be reviewed.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Charlie Wright was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The defendant filed a plea in abatement under the circumstances set forth in the opinion, which plea is as follows: "(1) Because the grand jury which found the indictment in this case was not legally drawn. (2) Because at the time of the drawing of said grand jury by the judge of this court the name of Edward H. Carter was in the hat from which the judge drew said grand jury, when Edward H. Carter had been drawn and summoned as a juror for this court, but had been excused previous to the drawing of said grand jury from said hat by said judge. (3) Because the judge of this court drew from the hat in forming said grand jury the name of Edward H. Carter, when said Carter had been drawn and summoned as a juror for this term of the court, but had been previously excused by the judge of this court. (4) Because the judge of this court, in forming the grand jury, drew from the hat, supposed to contain all of the names of the jurors drawn and summoned for week and not excused, 19 names, instead of 18, as required by law. (5) Because the nineteenth name drawn from said hat in forming the grand jury was Frank B. Dexter, and said Dexter served on the grand jury which found this indictment. (6) Because the presiding judge who drew the name of said grand jurors from said hat was himself under bond to await the action of said grand jury. (7) Because the presiding judge who drew and organized said grand jury was, at the time of the drawing of the names of said grand jury from the hat, under bond to answer to a charge of violating the game laws of Alabama, which was to come before said grand jury for investigation. (8) Because the presiding judge who charged said grand jury was at the time under bond to await their action on a misdemeanor

charge." The motion to quash was based on the same grounds.

GODBOLD & VAN DE VOORT, for appellant. The plea in abatement should have been sustained, as the judge was incompetent to draw the jury.—Section 4626, Code 1907; *Crook v. Newborg,* 124 Ala. 479; 12 A. & E. Enc. of Law, 41; *Moses v. Julian,* 45 N. H. 52; *Medlin v. Taylor,* 101 Ala. 239; *Gill v. The State,* 61 Ala. 169; *Pegues v. Baer,* 110 Ala. 251; *Ex parte Cornwell,* 144 Ala. 497; *Salm v. The State,* 89 Ala. 56. The court erred in striking the plea.—5 Mayf. 762. On the same authorities, the motion to quash the indictment should have been granted. After discussing the testimony, counsel insist that it was not sufficient to support a conviction and that the court should have granted the motion to exclude it.—*Mosser v. Mosser,* 29 Ala. 313; *Mickie v. The State,* 27 Ala. 20; *Winter v. The State,* 20 Ala. 39. The court erred in permitting the state to show that the defendant's witness made a statement to a state's witness involving a partial confession of defendant without showing the presence of defendant. The court also erred in permitting evidence as to what the defendant said on preliminary trial.—*Welch v. The State,* 96 Ala. 92; *Stone v. The State,* 105 Ala. 69; *Gregg v. The State,* 106 Ala. 44; *Hunter v. The State,* 112 Ala. 77; *;James v. The State,* 115 Ala. 83; *McAlpine v. The State,* 117 Ala. 100. Counsel discuss the charges refused, and insist that on the above authority they should have been given.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Whether or not a trial court will permit a plea to the merits to be withdrawn for the purpose of filing a plea

in abatement is within its irrevisable discretion.—
*Crawford v. The State,* 112 Ala. 1.   The organization of
the jury cannot be impeached except for fraud.—Sec.
29, Acts 1909, p. 305. The competency of the trial judge
cannot be raised by plea.—*Spradlin v. The State,* 17
Ala. 440.   For these same reasons the motion to quash
was properly denied.   The statement signed by the de-
fendant and attested by witnesses on the preliminary
examination of the defendant was admissible.—*Shelton
v. The State,* 144 Ala. 106. Counsel discuss other assign-
ments of error as to evidence, but without further cita-
tion of authority.   The motion in arrest of judgment
appears only in the bill of exceptions, and hence, can-
not be reviewed.—*Hampton v. The State,* 133 Ala. 180;
*Taylor v. The State,* 112 Ala. 69.

PELHAM, J.—Upon being arraigned on an indict-
ment, charging murder in the first degree, the defend-
ant entered a plea of not guilty; but afterwards, and
before the jury to try the case was selected, the defend-
ant, through his counsel, asked leave to withdraw the
plea of not guilty theretofore interposed and file a plea
in abatement to the indictment and motion to quash the
same, and out of this request a colloquy arose between
counsel for the defendant and the presiding judge, and
the bill of exceptions sets out the remarks of counsel for
defendant and the comments of the presiding judge at
some length, showing the existence of undesirable fric-
tion in the proceedings that is not unknown to condi-
tions growing out of the heat of conflict sometimes at-
tendant upon strenuously contested trials at nisi prius.
But, while the presiding judge allowed the plea pro-
posed to be filed, and affidavits in support thereof to be
read and considerable argument and comment to be in-
dulged in, it is not shown that the court permitted the

defendant to withdraw his plea to the merits and file the plea in abatement, and this is a matter in the irrevisable discretion of the trial court.—*Crawford v. State,* 112 Ala. 1, 12, 21 South. 214. Moreover, there was no error in striking the plea on the state's motion, even if it be considered properly filed, as it was without merit. The plea alleged no fraud in drawing the jury (Acts 1909, p. 317, § 29), and the grounds set up going to the competency of the trial judge were frivolous; nor could they be set up by plea.—*Spradling v. State,* 17 Ala. 440, 444. As far back as 1 Stewart, in the case of *Lyon v. Bank,* page 442, it was held that the competency of a judge to try a cause cannot be raised by the defendant at the trial by way of challenge or plea. "If the right be admitted," says the court in the opinion in that case (page 465), "the courts are subject to frequent annoyance of the most disagreeable kind, and their authority weakened and abused by frivolous or imaginary objections to the person of the judge."

The defendant's motion to quash the indictment, based on the same grounds as set up by plea in abatement, is subject to the same criticism. The ground assigned going to the illegality of the indictment, because the judge who drew and organized the grand jury was under bond to await the action of the same grand jury, under a charge of having committed a misdemeanor in violating the state game laws, is without merit. To hold that such a charge made against the judge rendered all the indictments returned by the grand jury, whose duty it was to investigate the charge, invalid would, in effect, be holding that to prevent a valid indictment and escape punishment altogether it would only be necessary for a person guilty of the most heinous crime to prefer some misdemeanor charge against the presiding judge requiring an investigation by the

grand jury, and to continue the practice before each successive grand jury having jurisdiction. The trial judge was not disqualified; nor was there any impropriety in his presiding over the trial of the defendant, charged with murder, by reason of the fact that he had been charged with, or was in fact guilty of, a misdemeanor in violating the game laws, and this is true, even though the same grand jury had investigated the charge against the judge that returned the indictment against the defendant. Such a fact would not even remotely connect the judge with the prosecution, or render him less able to hold the scales of justice in even balance between the defendant and the state on the trial of the defendant for murder. Neither the disqualifications specified by the statute (Code, § 4626) nor those imposed by the common law existed under the facts presented, and being qualified it was his duty to preside at the trial; and to have excused himself under such circumstances would have been an evasion of official duty —a duty which he could neither delegate nor repudiate. —*Ex parte Bar Association*, 92 Ala. 113, 8 South. 768, 12 L. R. A. 134.

· The defendant was indicted for killing a woman, Sallie Bell, alias Brown, and the evidence introduced by the state would lead to the conclusion that it was the theory of the state that the defendant and deceased, at the time of the killing, or a short time prior thereto, had been living together and maintaining unlawful relations. It was therefore competent to prove, as tending to show a motive for the killing, that the defendant and deceased had been living together, that the deceased had moved off to another place, and that the defendant had been seen going to the home of the deceasd, where she was killed, on different occ\sions a short time before. The testimony of the witness Harriet Blunt re-

garding the manner in which the defendant and de-- ceased had lived a year or more previous, and before the witness went to Washington county, was excluded by the court, and the evidence admitted, showing the relations of the parties toward each other, was not too remote in point of time or disconnected with the homicide as to be objectionable, and was admissible for the purpose of shedding light on the conduct of the parties, and as tending to show a motive for the killing; the relationship and conduct of the parties toward each other being a proper element for the consideration of the jury. *Whatley v. State,* 144 Ala. 68, 39 South. 1014.

On the cross-examination of the defendant's witness Sue Longmeyer, the state asked her if she had not, on a particular occasion, made certain statements to Becky Longmeyer as to what the defendant had said to her (Sue Longmeyer), involving a partial confession on the part of the defendant; and afterwards the state examined Becky Lacy in rebuttal, and asked her if this statement in question had not been made by the state's witness to her. While it is apparent the predicate had reference to the same person, although distinguished by a different surname, as the Becky referred to was designated as the sister of the defendant's witness, and only the two persons were present at the time of the conversation in question, and while the evidence would be competent for the purpose of and confined to contradicting the defendant's witness Sue Longmeyer on a material part of her testimony, it was of doubtful admissibility, considered in the light of the fact that it involved making proof by hearsay evidence of a confession or inculpatory statement made by the defendant to a third person, without showing the proper predicate, or showing the presence of the defendant at the time the statement was made by the defendant's witness to the witness being examined by the state.

. The state offered in evidence, over the objection of the defendant, an extract from the testimony of the defendant taken on the preliminary trial, setting out the statements of the defendant on the preliminary hearing as to his whereabouts at or about the time of the commission of the homicide. As this portion of the defendant's testimony taken on the preliminary trial was introduced in evidence by the state before the state had concluded its examination of witnesses on the examination in chief, and before the defendant had introduced any testimony, it does not appear to have been offered as showing contradictory statements, no predicate having been laid, and, if competent evidence, could only be admissible as a confession or inculpatory admission on the part of the defendant; and the admissibility in evidence of confessions, inculpatory statements, and criminative evidence is governed by the same rules and determinable under the same principles as confessions proper.—*Wilson v. State,* 84 Ala. 426, 4 South. 383; *Shelton v. State,* 144 Ala. 106, 42 South. 30; *Seaborn v. State,* 20 Ala. 15; *Kelly v. State,* 72 Ala. 244. Such admissions are prima facie inadmissible, even though made in a preliminary trial.—1 Mayfield's Dig. p. 206, §§ 64, 74½; *Wilson v. State,* 84 Ala. 426; 4 South. 383; *Kelly's Case,* 72 Ala. 244. And the admissions of the defendant allowed to be put in evidence were not rendered admissible by an examination voir dire, or by making any showing or offering a particle of proof that they were voluntarily made, and not constrained. Nor does it appear circumstantially; for at the time the statement was made the defendant was in custody, under arrest, charged with the crime.—*Wilson v. State,* 110 Ala. 1, 20 South. 415, 55 Am. St. Rep. 17; *Kelly v. State,* 72 Ala. 244; *Peck v. State,* 147 Ala. 100, 41 South. 759. Before confessions or inculpatory admis-

sions are received, they should be inquired into with great care and caution to see whether they are voluntary or not.—*Bonner v. State,* 55 Ala. 242; *Young v. State,* 68 Ala. 569; *Brister v. State,* 26 Ala. 107; *Owen v. State,* 78 Ala. 425, 56 Am. Rep. 40; *Wilson v. State,* 84 Ala. 426, 4 South. 383; *Amos v. State,* 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682; *Bradford v. State,* 104 Ala. 68, 16 South. 107, 53 Am. St. Rep. 24; *McAlpine v. State,* 117 Ala. 93, 23 South. 130; *Campbell v. State,* 150 Ala. 70, 43 South. 743.

No objection was made to this evidence on the ground that the proper predicate had not been proven, but a general objection was interposed to the introduction of the evidence, and the grounds stated that it called for irrelevant, immaterial, and incompetent evidence; and, in the absence of a proper predicate, the objection was sufficient, and the court was in error in admitting it.— *McAlpine v. State,* 117 Ala. 93, 23 South. 130; *Bradford v. State,* 104 Ala. 68, 16 South. 107, 53 Am. St. Rep. 24; *Beckham v. State,* 100 Ala. 15, 14 South. 859; *Redd v. State,* 69 Ala. 255; *Young v. State,* 68 Ala. 570.

The other rulings on the evidence are without error, and the refused charges were either bad or properly refused as covered by the numerous charges given at the request of the defendant.

There was evidence showing the commission of the offense, and tending to connect the defendant with its commission, and the court correctly refused defendant's motion, made at the conclusion of the state's evidence, to exclude the evidence and direct a verdict. For the same reason, the general charge was properly refused.

Defendant's motion in arrest of judgment appears only in the bill of exceptions, and is not reviewable on appeal in this court.—*Ex parte Knight,* 61 Ala. 482, 488; *Diggs v. State,* 77 Ala. 68; *Taylor v. State,* 112

Ala. 69, 20 South. 848; *Hampton v. State,* 133 Ala. 180, 32 South. 230.

For the errors pointed out, the case must be reversed. Reversed and remanded.