# Ryerson Grain Company *v.* Moyer.

### *Assumpsit.*

#### (Decided June 5, 1913.  63 South. 13.)

1. *Trial; Objections to Evidence; General.*—Unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence, an objection thereto that it is irrelevant, illegal and immaterial, is properly overruled as being too general.

2. *Same; Time for Objection.*—Where no objection was interposed to the question when asked, it is too late to interpose such objection after the witness has answered.

3. *Appeal and Error; Presumption; Bill of Exceptions.*—Where there is nothing in the record to show to the contrary it will be presumed that the evidence which appellant moved to strike out was given in reply to a question to which no objection was made.

4. *Charge of Court; Form and Requisite.*—Where a request to charge contains four separate charges, it is not error to refuse all, if any one charge is bad.

5. *Sales; Warranty; Conditions Precedent.*—A buyer may maintain an action for a breach of warranty of the quality of goods, although the goods were accepted and paid for without any complaint being made as to the quality.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by J. E. Moyer against the Ryerson Grain Company, for a breach of warranty in the sale of hay. Judgment for plaintiff and defendant appeals. Affirmed.

Charge 3 is as follows: "If the jury believe from the evidence that plaintiff accepted the hay and disposed of it without making any complaint to defendant as to its quality, then I charge you that plaintiff accepted

same, and cannot recover in this case, and it will be your duty to return a verdict for defendant."

It appears from the evidence that plaintiff bought of defendant 10 tons of pea-green alfalfa hay, to be delivered to him at his place of business, that the 10 tons were delivered, but was straw-colored alfalfa, and not pea-green, and that plaintiff accepted the shipment and sold it at the price of straw-colored alfalfa, and brings this suit to recover the difference between the prices of the two hays.

ASHCRAFT & BRADSHAW, for appellant. Counsel discuss the errors assigned, and insist that in view of plea 2, charges 2 and 4 should have been given, but they cite no authority in support of their contention.

A. A. WILLIAMS, for appellant. No brief reached the Reporter.

WALKER, P. J.—After the plaintiff, as a witness in his own behalf, had testified that he was in the brokerage business, and knew the prices of alfalfa hay in Sheffield, he was asked what was the market value of pea-green alfalfa hay in Sheffield. The defendant objected to the question "on the ground that the same was illegal, irrelevant, and immaterial." Plainly the court is not to be charged with error for overruling this general objection to the question. Such an objection may be overruled when the evidence which the question may elicit is not manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence.—*Bufford v. Little*, 159 Ala. 300, 48 South. 697. The specific grounds of objection to the question which are here suggested in the argument of the counsel for the appellant were not stat-

ed in the court below. It is obvious that under the issues in the case an inquiry as to the market value in Sheffield of the kind of hay inquired about might be a pertinent one. If the defendant deemed the question objectionable upon some specific ground, such ground of objection should have been made known to the court.

It may be presumed, the bill of exceptions not showing the contrary, that the testimony of the plaintiff as to the payment by him of demurrage on the shipment of hay was given in a responsive answer to a question to which no objection was made.

Having thus speculated on the answer that would be made to the question, the defendant was not entitled to have its objection to it sustained, and the answer excluded. The objection came too late.—*Hudson et al. v. State,* 137 Ala. 60, 34 South. 854.

The statement of the bill of exceptions as to the request by the defendant of four written charges which the court refused to give imports that they were requested, not separately, but all together. If either of them was bad, the court is not chargeable with error in refusing the request as made.—*Mobile & Ohio R. Co. v. Minor,* 6 Ala. App. 633, 60 South. 951.

Charge 3 does not state a correct proposition. A buyer may maintain an action for a breach of the seller's warranty of the quality of the goods sold, though they were accepted and paid for without any complaint being made as to the quality of them.—*Baer & Co. v. Mobile Cooperage & Box Mfg. Co.,* 159 Ala. 491, 49 South. 92.

It follows that the assignments of error based upon the refusal of the court to give the charges mentioned cannot be sustained.

Affirmed.