# Howard *v.* The State.

*Violating Prohibition Law.*

(Decided December 4, 1913.   63 South. 753.)

*Jury; Challenges; Relationship to Counsel.*—Construing together section 32, Acts 1909, p. 318, and section 7276, Code 1907, it is held that on trial for violating the prohibition law, it was error for the court to strike from the jury list the names of two persons because they were first cousins of counsel for defendant before proceeding with the striking by the parties alternately; such relationship is not a ground for challenge for cause in a criminal case, and the state should have been required to use its peremptory challenges in striking such name.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Aaron Howard was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

O. S. LEWIS, for appellant. Relationship to counsel is not a cause for challenge in a criminal case, and the court was in error in striking for cause two names from the jury list because first cousins of counsel for appellant.—Sec. 7276, Code 1907; Acts 1909, p. 318; *Washington v. State,* 58 Ala. 355.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The law is not concerned with how the liquor was obtained, but is concerned only with the fact of its violation, and

hence, the court properly sustained the objection excepted to.—*Stone v. State,* 105 Ala. 60.

THOMAS, J.—The defendant and solicitor were each given a list, as required by Acts Sp. Session 1909, p. 318, § 32, containing the names of the regular jurors impaneled for the week, from which to select, by alternately striking, twelve of such persons to serve as a jury for the trial of defendant for the misdemeanor with which he was charged. Before proceeding with the striking, the solicitor moved that the names of two designated persons found on this list so furnished be stricken therefrom, upon the ground that these two persons were first cousins of defendant's counsel (which defendant admitted to be true). The court, over the objection and exception of defendant, granted the motion, ordered the two names stricken from the list, which was done, and required that the selection of a jury to try the case be made by alternately striking from the remaining names.

We are of opinion that the court was in error in this, for the reason that it is not made a ground of challenge for cause in a criminal case—though otherwise in a civil case—that a juror is related to counsel in the case.—Code, § 7276; *Washington v. State,* 58 Ala. 355. The state should have been put to the necessity of getting rid of the jurors named, if undesirable to it, by using its peremptory challenges in striking these names. —Acts Ap. Session 1909, p. 318, § 32.

The only other question raised by the record, which is insisted upon in argument, and that is likely to recur on another trial, was expressly decided adversely to the contention of defendant in the case of *Click Harris v. State, Infra,* 64 South. 352, and consequently does not require a discussion here.

[Foshee v. The State.]

For the error pointed out, the judgment of conviction is reversed.

.Reversed and remanded.