# Finney *v.* The State.

*Murder.*

(Decided April 14, 1914. 65 South. 93.)

1. *Jury; Excusing; Authority of Court.*—Under sections 7279, 7280, Code 1907, the action of the court in excusing a juror on the ground of dangerous illness of a member of his family before entering on the trial and before the selection of the jury to try the case, cannot be made the predicate for reversible error.

2. *Homicide; Evidence; Tracks.*—A witness may properly testify to the finding of tracks near the body of deceased the morning after he was killed the night before, that he measured the tracks, and that they were such tracks as would be made by a No. 8 shoe.

3. *Same; Identification.*—A witness acquainted with decedent could testify that a voice she heard was the voice of decedent, it being the province of the jury to give it such weight as they deemed it entitled to, having in view the knowledge and opportunity of the witness for forming a correct judgment.

4. *Same; Threats.*—Where the state sought to show that the shooting at animals owned by defendant or a member of his family or friends, was the motive that actuated defendant in killing deceased, evidence of threats made by defendant a short time before the killing against some one in the neighborhood who had been shooting animals, though decedent was not particularized by name, was admissible.

5. *Same; Second Degree; Evidence.*—The evidence examined and held to so connect defendant with the killing of deceased as to support a judgment finding him guilty of murder in the second degree.

6. *Appeal and Error; Harmless Error; Evidence.*—Where it was not shown what size shoe defendant wore, or that the tracks led

from the body in the direction of defendant's home, if any error was committed in admitting evidence that tracks were found near the body of deceased, and that they were made by a number 8 shoe, it was harmless to defendant.

7. *Trial; Objections to Evidence; Sufficiency.*—Where no objection was interposed to questions to witness, but only to the answers, it will be presumed that the answers were responsive, and that the objections came too late.

8. *Charge of Court; Directing Verdict.*—Where there is any evidence showing or affording a reasonable inference of guilt, a defendant is not entitled to have a verdict directed for him.

9. *Same; Ignoring Evidence.*—A charge directing an acquittal if the jury believe the testimony of a witness, where such testimony conflicted with the evidence affording a basis for conviction, was properly refused as ignoring evidence.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Jasper Finney was convicted of murder in the second degree and he appeals. Affirmed.

.I. I. CANTERBURY, for appellant. The court was in error in permitting the witness to state that tracks were found near the body, and were such as would be made by a No. 8 shoe.—*Busby v. State,* 77 Ala. 66. The entire evidence of Randy Dobbs should have been excluded.—*Whittaker v. State,* 106 Ala. 30; *Gassenheimer's Case,* 52 Ala. 313; *McCormick's Case,* 102 Ala. 161; *Curtis v. State,* 118 Ala. 125. Threats made as to some one shooting cows should have been excluded as it particularized no one.—*George's Case,* 145 Ala. 41; *Quinn's Case,* 146 Ala. 339; *Jones' Case,* 141 Ala. 55. The court was in error in permitting the witness to state that the voice heard was that of deceased.— 1 Mayf. 318. The evidence was not sufficient to connect defendant with the killing, and the court should have directed his acquittal. Charge 2 was improperly refused.—*Spragins' Case,* 139 Ala. 93; *Pickens' Case,* 115 Ala. 42.

[Finney v. The State.]

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—Reversible error cannot be predicated upon the court's action in excusing the juror Beverly, who was one of the special jurors drawn, and whose name appeared on the copy of the venire served on the defendant. It was shown that the juror was excused by the court before entering upon the trial, and before the jury to try the case had been selected, on account of the dangerous illness of a member of the juror's family.—Code, §§ 7279, 7280; *Barden v. State*, 145 Ala. 1, 40 South. 948.

It was proper to show by the witness who found the tracks near the deceased's body next morning after he was killed the night before that he examined the tracks and measured their length, and that about a No. 8 shoe would make that size track.—*Davis v. State*, 152 Ala. 82, 44 South. 545; *Wilson v. State*, 171 Ala. 25, 33, 54 South. 572.

Furthermore, this evidence could not be deemed prejudicial, as it was not shown what size shoe was worn by the defendant, or that the tracks testified to by the witness led in the direction of the defendant's home.

No objection is shown to have been made to the questions eliciting the testimony of the witness Randy Dobbs, set out in the bill of exceptions, but, on the contrary, after the testimony of this witness is set out in narrative form, it is recited that "thereupon" the defendant moved to exclude the evidence of the witness. For aught shown to the contrary, the testimony was given in response to questions directly calling for it to which the defendant made no objection. When no objection is shown to have been made to the question, but only to the answer, it will be presumed that the an-

swer was responsive, and the objection comes too late. —*S. W. Ry. of Ala. v. Maddox,* 146 Ala. 539, 41 South. 9. A defendant cannot by delaying objections to questions thus speculate on whether the answer will be favorable or unfavorable, and predicate error upon the rulings of the court to objections made after the questions have been answered.—*W. U. Tel. Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,* 151 Ala. 131, 44 South. 403.

The court, on motion of the defendant's counsel, is shown to have excluded what the witness Clara Leach said about some one else having told her as to the identity of the voice she heard. What she testified to in this respect about the voice she heard being that of the deceased, as a matter of her judgment, based on her knowledge and experience of knowing the person and having heard his voice, was properly admitted in evidence, to be accorded such weight by the jury as they deemed it to be entitled to, taking into consideration the extent of her knowledge and the opportunity she had had of forming a correct judgment. A witness who is acquainted with facts and conditions upon which he can form a judgment is properly permitted to give his best judgment with respect to a matter of this kind establishing identity.—*Williams v. State,* 149 Ala. 4, 43 South. 720.

It was entirely permissible to allow the solicitor to show, on the cross-examination of the defendant, or by other witnesses, that the defendant had made threats a short time before the killing against some one in the neighborhood who had been shooting cows. The deceased in his lifetime lived in that neighborhood, and there was some evidence showing that shortly before the killing cows had been shot in that neighborhood, and that the deceased was connected with the shooting.

In fact, it was the theory of the state that this shooting by the deceased of cows owned by the defendant or members of his family or his friends was the motive that actuated the killing, and there was evidence having a tendency to support this theory of the state. The threats were directed at a class of persons that included the decedent, or to which he belonged under one phase of the tendency of the state's evidence, and were not objectionable for indefiniteness. The admissibility of the threats was not affected by the mere fact that the decedent was not particularized by name. It was for the jury to determine whether decedent came within the scope of the threats and was referred to, and what probative force would be given to the threats.— *Harrison v. State,* 79 Ala. 29; *Montgomery v. State,* 160 Ala. 7, 49 South. 902; *Morris v. State,* 146 Ala. 66, 41 South. 274.

The evidence connecting the defendant with the commission of the offense was entirely circumstantial, and the wife of the decedent, who alone, so far as the evidence shows, aside from the principals, witnessed the killing, testified that she recognized her husband's assailant, and that it was not the defendant, but one Etheridge, who shot and killed her husband. Etheridge was examined as a witness for the state, and denied this, and we gather inferentially from evidence that he had been previously tried and acquitted of the charge. The wife of the decedent testified that the killing took place between sundown and dark, and that she was on the front porch of the house; that her husband was in the yard cutting wood, and the man who shot him was on the other side of the yard fence, about 20 yards distant from her; that the man doing the shooting and another man ran off immediately after the shooting. She had known Etheridge for a consid-

erable length of time, and was positive in her identifi-
cation of him as the man who fired the shot that killed
her husband.   The defendant is not shown to have
had any connection whatever with Etheridge, and no
attempt was made to show a conspiracy existing be-
tween them to commit the crime.   Counsel for defend-
ant insists by argument contained in brief that, under
this state of the testimony, the court was in error in
refusing the general charge requested in writing for
the defendant.

The record presents an unusual case.   The motive or
purpose any one may have had in committing the crime
is anything but clearly shown, and the circumstances
connecting the defendant with the commission of the
crime as set out in the bill of exceptions, that purports
to contain all of the evidence, if not properly character-
ized as weak and lacking in force and effect to lead the
unbiased mind to a conclusion of guilt beyond a rea-
sonable doubt, in face of the positive testimony of the
decedent's wife, are certainly not of such cogent force
as to be impelling or impressive of the defendant's
guilt of the crime charged against him.   Yet they are
sufficient to require a submission of that question to
the jury, and the court was not in error in refusing
the general charge requested by the defendant.

The general charge in favor of the defendant is prop-
erly refused, if there is any evidence tending to show
or affording an inference of guilt.—*Turner v. State,*
97 Ala. 57, 12 South. 54; *Hargrove v. State,* 147 Ala.
97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas.
1126.

Charge No. 2: "I charge you, if you believe the evi-
dence of Mrs. Bell McDonald, you must acquit the
defendant."—singles out the testimony of this witness
and bases the right to an acquittal on the testimony of

[Tiller v. The State.]

one witness to the exclusion of a consideration of the conflicting testimony of other witnesses affording a basis for a contra finding, and was properly refused. —*Finch v. State,* 81 Ala. 41, 1 South. 565.

The record does not show reversible error, and the judgment of conviction appealed from will be affirmed.

Affirmed.