# Turner v. The State.

### Forgery.

(Decided June 30, 1916.  72 South. 574.)

1. **Jury; Competency; Relationship.**—It is not error to refuse to strike from the jury list the name of a juror who is related to the prosecuting attorney.

2. **Same; Challenge for Cause.**—A juror is not subject to challenge for cause under § 727, Code 1907, because related to the prosecuting attorney.

3. **Forgery; Evidence.**—Where the bank official had testified that he gave a note not signed to defendant stating that the bank would accept it if signed by a named person, such official could testify that on his return to the bank he found the note purporting to have been signed by such other person in the cash drawer of the bank.

4. **Charge of Court; Directing Verdict.**—Where there was evidence strongly tending to show the guilt of defendant, defendant is not entitled to a directed verdict.

5. **Evidence; Immateriality.**—Where defendant defended on the ground that he was insane, it is immaterial by whom a physician was summoned, and the court properly refused to allow him to show that such physician was summoned by the state.

6. **Same; Expert and Opinion; Cross Examination.**—An expert witness may be examined on the cross, in the discretion of the court, on purely imaginary and abstract questions.

7. **Appeal and Error; Harmless Error; Evidence.**—A defendant cannot be heard to complain of a question which elicited matter decidedly beneficial to him.

8. **Evidence; Opinion; Non Expert.**—It was not error to refuse to allow a witness to say whether defendant seemed to him to be in the same mental condition as before the day of the offense, as such question called for an opinion from a non expert witness who cannot give opinions as to sanity, unless he first states the facts relied on as a basis to show abnormal condition of mind.

9. **Witnesses; Competency; Wife of Defendant.**—Prior to the recent statute the common law rule prevailed in respect to husband or wife testifying for or against each other in criminal cases, and the wife was incompetent to testify in behalf of the husband on any phase of the case.

10. **Evidence; Opinion; Non Expert.**—Opinions of non expert witnesses affirming the sanity of a defendant may be based on the negation of unnatural or peculiar conduct, without specifying the particular facts upon which such opinion is based.

11. **Same.**—A non expert witness's opinion as to sanity to be admissible only requires that it be based upon personal knowledge, observation and acquaintance with the individual about whom he is called to testify.

12. **Appeal and Error; Harmless Error; Evidence.**—If it was error to exclude testimony showing the interest of a state's witness, it is cured when the matter of interest was fully brought out on a subsequent examination.

13. **Evidence; Hearsay.**—It is proper to refuse to allow witness to testify as to the knowledge of others of a transaction, if the questions called for the hearsay testimony of the mental status or cognition.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

J. O. Turner was convicted of forgery in the second degree, and he appeals. Affirmed.

The juror Rice admitted that he was a brother of the prosecuting officer, James Rice, and the defendant sought to challenge for cause upon that ground, and also moved to strike the name from the jury list from which the jury was to be drawn.

CLARKSON & MORRISETTE, and A. S. GROVE, for appellant.
W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted and convicted of forgery in the second degree. The state's evidence showed that the defendant came to the Commercial Bank in the city of Tuscaloosa, Ala., to secure a loan of $150, and that he was informed by the officials of the bank that if one C. B. Pippin would indorse his note, that the money would be advanced to him. A note was made out for this amount and delivered to the defendant by an employee of the bank named Nielson, with instructions to have the note signed. Neilson was not present at the bank when the note was returned, but found the note in the cash drawer of the bank upon his return and identified it as the one that had been given by him to the defendant to be signed. Another employee of the bank testified in behalf of the state that the defendant returned the note signed by himself and purporting to be signed by Pippin (the note having the name of C. B. Pippin signed to it as comaker) and delivered it to the bank, receiving $150 in money from the bank. Pippin, a comaker whose name was signed to the note, denied having signed it; and forging the name of Pippin to the note was the offense charged against the defendant, to which he pleaded not guilty, and not guilty by reason of insanity. The defendant's evidence was directed entirely to endeavoring to show the insanity of the defendant, and practically all of the objections interposed and excep-

tions reserved to the rulings of the court on the evidence relate to the admissibility of this testimony going to show the insanity of the defendant vel non.

There are 31 assignments of error made upon the record and counsel for defendant has filed a brief here insisting upon many of these assignments of error, by argument, but without the citation of authority.

(1, 2) The court did not err in refusing to strike from the jury list the name of the juror Frank Rice. Nor was there error in refusing to allow the defendant to challenge this juror for cause. Section 7276 of the Code does not make it a ground for challenge for cause in a criminal case that a juror is related to counsel in the case.—*Howard v. State,* 9 Ala. App. 74, 63 South. 753; *Washington v. State,* 58 Ala. 355.

(3) The court properly admitted the testimony of the state's witness John J. Neilson to the effect that he found the forged note in the cash drawer of the bank upon his return there. The testimony had a tendency to prove the issues before the court and was relevant. It had a tendency to show that the defendant, following the suggestion of the witness Neilson, had returned the note to the bank and received the money; that the forgery had been consummated by him through presentation to the bank of the paper which upon its face purported legal liability on the part of the defendant and the comaker, Pippin. This note and its genuineness were the vital issues before the court, and anything pertaining to it having a tendency to prove it was relevant and admissible evidence in behalf of the state.—*Wells Co. v. Means,* 2 Ala. App. 575, 56 South. 594; *A. G. S. R. R. Co. v. Guest,* 144 Ala. 379, 39 South. 654; *Powell v. State,* 5 Ala. App. 75, 85, 59 South. 530.

(4) The court's action in overruling the defendant's motion to exclude the evidence of the state and direct a verdict for the defendant is free from error. The evidence strongly tended to show that the defendant was guilty as charged in the indictment, and the court properly submitted that question to the jury.—*Finney v. State,* 10 Ala. App. 39, 65 South. 93; *Wright v. State,* 3 Ala. App. 24, 58 South. 68.

(5) The court properly refused to allow the defendant to show by the witness Dr. Grove that he had been summoned in behalf of the state. It was wholly immaterial whether the witness was in attendance in behalf of the state or the defendant.—

*Mann v. State,* 134 Ala. 1, 20, 32 South. 704; *Southern Ry. Co. v. Hobbs,* 151 Ala. 335, 351, 43 South. 844.

(6, 7) It was permissible for the state to show on the cross-examination of the witness Dr. Grove that from his observation it was his opinion that the defendant was capable of transacting business where parties about whom he had delusions were not interested. The defendant objected to this testimony on the ground that it was sought to be shown through a hypothetical inquiry not based upon the elements of the case. Upon cross-examination an expert witness may be examined in the discretion of the court on purely imaginary and abstract questions. This is permissible in order to get the opinion of the witness upon all the possible theories of the case and to test the value and accuracy of the opinion of the witness.—*Parrish v. State,* 139 Ala. 16, 43, 36 South. 1012. Even were this not true, the matter elicited by this question was of a decidedly beneficial nature to the defendant, and could not, therefore, prejudice him in any manner.

(8) The trial court did not err in refusing to allow the witness Maharry to answer the following question: "If he seemed to you to be in the same mental condition as he was before that time?" This question calls for an opinion from a nonexpert witness, and a nonexpert witness cannot give an opinion as to the sanity of an individual unless he first states the facts relied upon as a basis to show or indicate an abnormal condition of the mind of the party about whom he is called upon to testify.—*Parrish v. State, supra.*

(9) The court properly refused to allow the wife of the defendant to testify in the case. The common-law rule with respect to the husband and wife testifying for or against each other in a criminal case prevailed in this state at the time of the trial, and the wife was therefore incompetent to testify in behalf of the defendant upon any phase of the case.—*Salter v. State,* 92 Ala. 68, 9 South. 550; *Hussy v. State,* 87 Ala. 121, 6 South. 420.

The recitals in the bill of exceptions show that the defendant's objection to the answer of the witness Hargrove came too late to authorize review of the ruling of the trial court.—*McIntyre v. State,* 1 Ala. App. 200, 55 South. 639; *Ryerson Co. v. Moyer,* 9 Ala. App. 254, 63 South. 13.

(10) The state's witnesses Hargrove and Anderson are shown to have been properly qualified to testify as to the sanity

of the defendant, and the trial court properly admitted their testimony on this subject. The opinions of nonexpert witnesses affirming the sanity of the person about whom they testify may be based on the negation of unnatural or peculiar conduct without specifying the particular facts upon which such opinion is based. —*Parrish v. State, supra,* 139 Ala. 42, 36 South. 1012; *Caddell v. State,* 129 Ala. 57, 65, 30 South. 76; *Odom v. State,* 172 Ala. 383, 385, 55 South. 820.

(11) It is a well-settled rule that a nonexpert witness' opinion as to sanity, to be admissible, only requires that it be based upon personal knowledge, observation, and acquaintance with the individual about whom he is called upon to testify. State's counsel is not shown to have violated this rule in the examination of the nonexpert witnesses examined on behalf of the state. This rule has often been declared and laid down by the Supreme Court. See *Parrish v. State, supra,* 139 Ala. 42, 36 South. 1012; *Braham v. State,* 143 Ala. 28, 41, 38 South. 919; *Burney v. Torrey,* 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33.

(12) The court's action in sustaining the objection of the state in regard to showing the interest of the state's witness Hargrove, if error, was cured, as the court subsequently permitted this matter to be fully brought out on the examination of this witness.

(13) The court properly refused to allow the witness Hargrove to testify as to the knowledge of the officers of the bank respecting the transaction. The questions called for hearsay testimony of the mental status or cognation of another.—*Cohn v. Robins,* 159 Ala. 289, 48 South. 853.

The court's overruling of the objection of the defendant to the testimony of the witness Anderson in regard to the dispute over the telephone bill, if error, was afterwards cured by the court's allowing the defendant to go fully into this matter. Other objections to the rulings of the court on the evidence do not show exceptions to have been reserved so as to make those rulings revisable here.

The charges refused to the defendant were tantamount to a general affirmative charge and were properly refused, as there was sufficient evidence of the commission of the offense and the defendant's guilt thereof to leave that question to the determination of the jury, and the court properly so held.—*Finney v. State,* 10 Ala. App. 39, 65 South. 93; *Wright v. State,* 3 Ala. App.

24, 58 South. 68; *Hargrove v. State*, 147 Ala. 97, 41 South. 972, 10 Ann. Cas. 1126, 119 Am. St. Rep. 60.

We find no error in the record, and the judgment of conviction appealed from is ordered affirmed.

Affirmed.